## Paschal *v.* The State of Georgia.

1. The delivery of whiskey as compensation for the use of a buggy, in performance of an agreement so to do, is a sale of the whiskey.
2. One who receives money and delivers whiskey therefor, may be treated as the seller, no other person filling that character in the transaction being pointed out by the evidence.

SIMMONS, J., not presiding, because of sickness.

January 29, 1890.

Criminal law. Liquor. Sales. Before Judge Gustin. Houston superior court. April term, 1889.

Reported in the decision.

C. C. Duncan, for plaintiff in error.

W. H. Felton, Jr., solicitor-general, and W. C. Davis, by brief, for the State.

Bleckley, Chief Justice.

Paschal was tried in the county court of Houston on an accusation charging him with violating the local option law of force in that county, by selling spirituous liquors. A jury being waived, he was found guilty by the judge and sentenced. He sued out a *certiorari* to the superior court, alleging certain errors of law, and also that the finding was not warranted by the evidence. At the hearing of the *certiorari* the same was overruled, and this writ of error was brought. In the argument here the only point insisted upon (the others being waived) was that touching the sufficiency of the evidence.

1. A witness testified that a few days before or after Christmas, 1888, Paschal came to him at his shop in Fort Valley, Houston county, and told him that he (Paschal) wanted to get witness's buggy to go out to a grocery in Macon county for some whiskey, and if witness would let him have the buggy, he would bring him (witness) a bottle of whiskey; that there was to be free whiskey at the grocery that day. Witness let him have the buggy, and on his return Paschal delivered to witness a bottle of whiskey containing perhaps a quart. The witness added that he did not expect Paschal to bring the whiskey, and would have let him have the buggy without the agreement to do so if Paschal had so applied for it. It seems to us that this transaction amounted to a hiring of the buggy and paying for the same in whiskey, and that the county judge was well

warranted in taking that view of it. There was no evidence, not even by any statement made at the trial by the accused, that there was free whiskey in Macon county; but if there had been, it was not free in Houston county to the owner of the buggy, for he paid for the bottle which he received by giving the use of his buggy to go after it. It is altogether probable that the accused took care to get some for himself in addition to that which he disposed of to the witness as compensation for the use of the buggy. That the witness expected him to break his contract, or that he would have loaned him the buggy without making terms, could not vary the actual transaction as it took place. The contract proposed was actually made and performed, and we see not why it did not amount to a sale by the one party and a purchase by the other. Very probably the suggestion that there was free liquor that day in Macon county was a mere pretext; for had it been true, there is no explanation of the failure to prove its truth or to make some attempt in that direction. Free liquor in one county for use in another is rare enough to require proof. Not even a county court can notice such a fact judicially as matter of public history.

2. The same witness testified that upon Christmas morning, 1888, and upon another occasion during the same year, he went to Paschal and asked him if he could not get him (witness) some whiskey. Paschal replied that he thought he could. Witness gave him twenty-five cents, and he (Paschal) brought witness a small flask of whiskey, twenty-five cents worth. About the same thing happened each time, and it took place in Houston county. Witness did not know where Paschal got the whiskey, or whether he made anything by the transaction. There was some other evidence tending to show that Paschal might have dealt in whiskey, but it is not of sufficient importance to

strengthen the case materially.   Here we have Paschal
on two occasions, receiving money for whiskey, deliver-
ing the whiskey, and making no explanation, either
then or at the trial, as to where or how he obtained it.
If he was not the seller of it who was?   The evidence
gives no intimation that any other person sold it.   We
think, therefore, that either of these transactions, as
well as that in which the buggy was involved, would
justify the inference that Paschal sold whiskey in vio-
lation of the prohibition law prevailing in Houston
county.   The result is, that the court committed no
error in overruling the *certiorari*.

*Judgment affirmed.*