## GRAHAM v. THE STATE.

Testimony showing that one charged with having, controlling, and possessing intoxicating liquors was seen in an intoxicated or partially intoxicated condition, and that such condition was caused by the drinking of intoxicating liquors, is not of itself sufficient to authorize the jury to find that the defendant possessed and controlled such liquors, either at the time he was observed to be under their influence or shortly prior thereto.

No. 1725.　SEPTEMBER 15, 1920.

Question certified by Court of Appeals (Case No. 10804).

*Padgett & Watson,* for plaintiff in error.

*Alvin V. Sellers, solicitor-general,* contra.

GEORGE, J. The Court of Appeals has certified to this court the following question: "Upon the trial of one charged with having, controlling, and possessing intoxicating liquors, is testimony showing that he was seen in an intoxicated or partially intoxicated condition, and that such condition was caused by the drinking of intoxicating liquors, sufficient to authorize the jury to find that the defendant possessed and controlled such liquors, either at the time he was observed to be under their influence or shortly prior thereto?" By the first section of the act of the General Assembly approved March 28, 1917 (Acts Ex. Sess. 1917, p. 8), it is declared to be unlawful "for any common carrier, corporation, firm, or individual to transport, ship, or carry, by any means whatsoever, with or without hire, or cause the same to be done, from any point without this State to any point within this State, or from place to place within this State, whether intended for personal use or otherwise, any spirituous, vinous, malted, fermented, or intoxicating liquors, or any of the prohibited liquors or beverages as are defined in the act approved November 17, 1915." It is further declared to be unlawful "for any corporation, firm, person, or individual to receive from any common carrier, corporation, firm, person or individual, or to have, control, or possess, in this State, any of said enumerated liquors or beverages, whether intended for personal use or otherwise," save as provided in the subsequent sections of the act. The subsequent sections permit the use of pure alcohol for medicinal purposes as prescribed in sections 426 et seq. of the Penal Code of 1910, said alcohol, however, "to be shipped, received, and possessed only as

is provided" in the act. The act further prohibits the social serving of any of the prohibited liquors or beverages in private residences or social intercourse, and makes unlawful the manufacture within this State of any of the prohibited liquors or beverages. By the eighteenth section of this act the act approved November 18, 1915, and known as the non-shipping law, found on pages 90 et seq. of the Acts of Ex. Sess. 1915, and the act approved August 19, 1916, found on pages 72 et seq. of the Acts of the General Assembly of 1916, regulating the importation of alcohol, are expressly repealed. It is declared to be unlawful to drink whisky in this State at churches or other places of divine worship where people assemble for the purpose of engaging in such religious service (Penal Code of 1910, § 440). By section 442 of the Penal Code of 1910 it is made unlawful for any person to be and appear in an intoxicated condition: (1) on any public street or highway, (2) within the curtilage of any private residence not in the exclusive possession of the person or persons so intoxicated, (3) upon any steamboat engaged at the time in carrying passengers, (4) and upon any railway passenger-train, or at or on any fair-grounds, ball-grounds, show-grounds, parks, or other places of public gathering or assembly; provided such intoxicated condition be made manifest by boisterousness or by indecent condition or acting, or by vulgar, profane, or unbecoming language, or loud and violent discourse of the person or persons so intoxicated or drunken. While one can not lawfully keep, have, possess or control, either at his place of business, his private residence, or elsewhere in this State, whether intended for his personal use or otherwise, intoxicating liquor or beverage, the mere drinking of whisky, except as declared in the Penal Code, is not unlawful. This omission, it must be assumed, is not merely casual but intentional. The question propounded by the Court of Appeals must necessarily be answered with reference to every possible state of fact or circumstance under which one may become intoxicated or partially intoxicated by the drinking of liquors. Whisky may be administered by a physician, taken unawares, or taken from the hand of another merely for the purpose of drinking the whisky. In the circumstance last supposed, the act of taking whisky from the hand of another is merely incident to the act of drinking the whisky, and can in no proper sense be held to be

within the inhibition of a criminal statute which declares that it shall be unlawful "for any . . person or individual . . to have, control, or possess, in this State, any of said enumerated liquors or beverages." The legislative intent and purpose is manifested when the words "have," "possess," and "control" are used in association.

We have not overlooked the rule applied in this State that a person who receives money from another with the request to procure whisky, and who shortly afterward delivers the whisky, may be treated as the seller if no other person filling that character appears, and if it is not shown where, how, or from whom the whisky was obtained. *Paschal* v. *State,* 84 *Ga.* 326 (10 S. E. 821) ; *Grant* v. *State,* 87 *Ga.* 265 (13 S. E. 554). In such case the facts proved constitute prima facie the misdemeanor charged. As we have already pointed out, drunkenness, partial or complete, except under certain circumstances and at certain places, is not made penal in this State. Drunkenness, partial or complete, is not the essential fact to be proved by the State in the trial of one charged with having, controlling, or possessing intoxicating liquors, but is only a circumstance tending to establish the fact in issue, and such circumstance, of itself, does not exclude "every other reasonable hypothesis save that of the guilt of the accused" — the test laid down in section 1010 of the Penal Code of 1910. The question propounded by the Court of Appeals, and set out above, is answered in the negative. It is unnecessary to consider a second question propounded by that court, relating to the question of venue in such case.　　　　　*All the Justices concur.*