## 10804. GRAHAM *v.* THE STATE.

"Testimony showing that one charged with having, controlling, and possessing intoxicating liquors was seen in an intoxicated or partially intoxicated condition, and that such condition was caused by the drinking of intoxicating liquors, is not of itself sufficient to authorize the jury to find that the defendant possessed and controlled such liquors, either at the time he was observed to be under their influence or shortly prior thereto."

DECIDED OCTOBER 1, 1920.

Indictment for misdemeanor; from Appling superior court — Judge Highsmith. June 6, 1919.

*Padgett & Watson,* for plaintiff in error.

*Alvin V. Sellers, solicitor-general,* contra.

BLOODWORTH, J. The indictment against the plaintiff in error charged that he did "have, control, and possess certain spirituous," etc., liquors. On the trial of the case one witness swore : "Mr. Graham was cursing, and from his actings and conduct I am pretty sure he was drinking. . . My opinion is that he was under the influence of intoxicating liquors." Another witness swore that he told the accused that he was "too full to be on the streets;" that he smelled the breath of the accused and "it

smelled like he had been drinking something, some kind of whisky or something like that. . . My opinion is that he was under the influence of intoxicating liquors." No witness swore that he saw the accused with any liquor in his control or possession. The judge charged the jury: "I charge you that if you find, under the evidence in the case, that in this county, within the time charged in the bill of indictment, the defendant had been drinking, and the circumstances showed, with the degree of certainty indicated, that he had been drinking intoxicating liquors, then that would authorize you to infer that he had intoxicating liquors in his possession in this county, in violation of the law of this State with respect to intoxicating liquors." The trial resulted in a verdict of guilty. A motion for a new trial was made, one ground of which embodied exceptions to the excerpt from the charge quoted above. The motion was overruled and the case came to this court, which certified to the Supreme Court the following question : "Upon the trial of one charged with having, controlling, and possessing intoxicating liquors, is testimony showing that he was seen in an intoxicated or partially intoxicated condition, and that such condition was caused by the drinking of intoxicating liquors, sufficient to authorize the jury to find that the defendant possessed and controlled such liquors, either at the time he was observed to be under their influence or shortly prior thereto?" This question the Supreme Court answered in the negative. For full opinion of the Supreme Court see 150 *Ga.* 411 (104 S. E. 248). The headnote of the opinion of the Supreme Court is made the headnote of this decision.

Under this ruling the above-quoted charge was error, a new trial is imperative, and the other grounds of the motion for a new trial need not be considered.

*Judgment reversed. Broyles, C. J., concurs. Luke, J., absent on account of illness.*

# CASES

## DECIDED IN THE

# COURT OF APPEALS OF GEORGIA

### AT THE

## OCTOBER TERM, 1920