### 13268.   HARRIS *v.* THE STATE.

The finding of two quarts of whisky concealed in a piano in the defendant's room in a house in which other persons occupied rooms was not sufficient, in connection with the other facts of the case, to authorize a conviction of having possession of intoxicating liquor.

DECIDED APRIL 11, 1922.

Accusation of possession of liquor; from city court of Dublin — Judge Sturgis. January 7, 1922.

The room in which the whisky was found was in a house to which the defendant and the witnesses referred as her house. A policeman testified that it was found about 10 o'clock in the morning. It was testified that she left the house about 7 o'clock that morning to go

to her work, and that the room was closed and no one was in it when officers entered it to make a search. It was testified that she was married; and she stated that her husband was living with her at that time, but was off at work and sent her money to live on. A witness for the defendant testified that a man named Lawson, who was staying there, went into the defendant's room about a half hour after she left and before the officers came, and another witness testified that he saw Lawson going towards the house that morning, and that Lawson then had whisky and had been selling whisky. Another man and two women were in the house when the officers entered it.

*W. A. Dampier*, for plaintiff in error.

*William Brunson, solicitor*, contra.

LUKE, J. The defendant was charged with violating the prohibition statute. The evidence shows that in the house where the defendant lived, which was occupied also by other people, the officers found two pints of whisky concealed in a piano. The defendant was not at home, but was away at work at the time of the search. At the time of the search there were other people present in the house, and there is undisputed evidence that one of the other persons at the house on the same day was in possession of whisky and was engaged in the illicit sale of whisky. The evidence was not sufficient to authorize the defendant's conviction: It was error to overrule the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*