### 13311. BRANTLEY *v.* THE STATE.

BLOODWORTH, J. 1. By request the judge charged section 31 of the Penal Code of 1910, which declares that "a crime or misdemeanor shall consist in a violation of a public law, in the commission of which there shall be a union or joint operation of act and intention, or criminal negligence." Immediately following this he gave in charge section 32,

as to how intention is manfested. This was not error. When the judge gives to the jury a charge as requested in writing, it is not erroneous for him to add comments that are pertinent and correct. While intent is an element of the crime of which the accused is charged, "intent" in such connection is simply the intent to do the act which is prohibited by law. "The question is, did the defendant knowingly commit an act prohibited by law?"

2. In giving a requested charge to the jury "it is sufficient to read the requested instruction to the jury, and tell them that the court gives it in charge or that it is the law." *Dotson* v. *State*, 136 *Ga.* 244 (3), 245 (3) (71 S. E. 164); *Hamilton* v. *State*, 129 *Ga.* 747 (1) (59 S. E. 803); *Savannah Chemical Co.* v. *Bragg*, 14 *Ga. App.* 375 (5) (80 S. E. 858).

3. When considered in the light of all the facts of the case and the entire charge of the court, there was no error harmful in instructing the jury as follows: "If you believe, from the evidence, that the defendant was pouring out the whiskey solely for the purpose of destroying it, to get it off his premises, he would not be guilty, but if you believe he was destroying it, pouring it out, to keep the officers from getting it, then he would be guilty."

4. Under the facts of this case it was not reversible error to charge that "under the law of Georgia it is unlawful for a person to have in his possession, custody, or control, whisky or any of the other prohibited beverages set out in the accusation, for any purpose."

5. There was ample evidence to authorize the verdict; no error of law is pointed out, and the judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*
Decided May 9, 1922.

Accusation of possessing intoxicating liquor; from city court of Wrightsville — Judge Sturgis presiding. December 20, 1921.

*B. B. Blount,* for plaintiff in error.
*W. C. Brinson, solicitor,* contra.