### 13410. McCARTY v. THE STATE.

LUKE, J. The evidence adduced upon the trial being insufficient to authorize the defendant's conviction, it was error to overrule his motion for a new trial.

> *Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*
> DECIDED JUNE 13, 1922.

Indictment for possessing intoxicating liquor; from Wilkes superior court — Judge Shurley. January 24, 1922.

McCarty was convicted of having possession of intoxicating liquor. It was testified by Sturdivant that at the house of Aaron Mills, who was having a barbecue, between twelve and one o'clock at night, McCarty was present with a number of other persons, and when the witness entered the house a man standing in front of McCarty was drinking out of a cup, and, on seeing the witness, he set the cup down, grabbed from McCarty's hand a fruit jar about half full of " some liquid that looked like liquor," and ran off with it; and that on a table there were several cups that smelled as if whisky had been in them; that there was no whisky in them, and the witness could not swear that the jar contained whisky; that the liquid in it could have been water; that the room was lighted only by a small lamp and he could not see well; and that McCarty denied having had any whisky there at all. Another witness testified that he went into the room a little later and that the cups had the smell of whisky about them, but no whisky was found. The defendant, in his statement at the trial, denied that he had a fruit jar as stated by the witness. He said that another man in the room tried to sell whisky to him, but he did not buy any.

*Hugh E. Combs,* for plaintiff in error.

*M. L. Felts, solicitor-general,* contra.