## 14956. EAST v. THE STATE.

As there was no evidence to authorize it, the judge erred in giving to the jury the charge complained of.

DECIDED NOVEMBER 15, 1923.

Accusation of possession of liquor; from city court of Floyd county—Judge Nunnally. July 23, 1923.

*F. W. Copeland,* for plaintiff in error.

*James Maddox, solicitor,* contra.

BLOODWORTH, J. Plaintiff in error was convicted of having in his possession intoxicating liquor. He made a motion for a new trial, which was overruled, and he excepted. The court is alleged to have erred in giving to the jury the following instructions: "If the defendant in this case gave money to the witness, a stipulated amount, and he was instructed to go and purchase whisky with it for him, the defendant, no interest being reserved to the witness making the purchase, but he, simply acting as agent for the defendant, went and bought whisky for the defendant, then the possession of the witness was the possession of the defendant, because he was the agent of the defendant, and he controlled that liquor in the hands of his agent. If you believe those to be the facts in this case, that the defendant gave money to a witness to go and make a purchase, and the witness became his agent in that way, and the witness accepted the agency and acted for the defendant as agent and purchased the whisky with the money the defendant gave him, he would become the agent of the defendant, and the act of the agent would be the act of the defendant in that particular,

and if he held it, he held it for his principal, the defendant; and if those be the facts, you would be authorized to find the defendant guilty on the first count, that of having whisky in his possession." The only evidence upon which this charge could have been based is the following: "Defendant and I were at the company's store when this negro Ford came by us and said to the defendant, 'Do you want a pint of liquor?' and defendant said 'Yes.' Ford said, 'Come on down to the bridge.' We waited a little while and went on down to the bridge. When defendant and I got to the bridge we found these two negroes at the bridge (Ford and Carmichael). Defendant gave Ford $1.25, and Ford said, 'I will have to go down the branch a piece to get it.' He was gone just a little while and brought the whisky back, and as he came back up the branch Mr. Dunahoo came in sight with his baby in his arms, and when Ford saw him he ran and never delivered the whisky." We do not think this evidence authorized the foregoing instruction. In *Paschal* v. *State*, 84 *Ga.* 326 (2) (10 S. E. 821), it was held: "One who receives money and delivers whisky therefor may be treated as the seller, no other person filling that character in the transaction being pointed out by the evidence." And see *Grant* v. *State*, 87 *Ga.* 265 (13 S. E. 554). Of course, if Ford was the seller, he was not the agent of the defendant, the purchaser, and if the whisky was never delivered to the defendant he was never in possession of it, and the charge given was erroneous. The judge erred in overruling the motion for a new trial.

  *Judgment reversed. Broyles, C. J., and Luke, J., concur.*