## 16246. MARSHALL *v.* THE STATE.

Accusation of sale of liquor; from city court of Macon—Judge Jordan. January 9, 1925.

*T. A. Jacobs Jr., W. A. McClellan,* for plaintiff in error.

*Roy W. Moore, solicitor,* contra.

---

## 16247. MARSHALL *v.* THE STATE.

The evidence did not authorize a conviction of controlling and possessing, keeping for sale, and selling intoxicating liquor.

DECIDED APRIL 14, 1925.

Accusation of keeping for sale, possessing, and selling liquor; from city court of Macon—Judge Jordan. January 9, 1925.

*Harry S. Strozier,* for plaintiff in error.

*Roy W. Moore, solicitor,* contra.

LUKE, J.  Mrs. Marshall was convicted of having, controlling and possessing, keeping for sale, and selling intoxicating liquors. She excepts to the judgment overruling her motion for a new trial.

That view of the evidence which tends most strongly to uphold the verdict makes the following case against her:  On December 14, 1923, the date the offense is alleged to have been committed, several officers went to the home where the accused and her husband lived, the husband being absent at the time.  At the side of the house they met two negro men coming toward the front, one of whom, upon discovering the officers, threw a half pint of whisky under the house.  This negro, Grady Milner, was arrested and taken before Mrs. Marshall, and then and there claimed to have bought the whisky from her, and she made no reply to his accusation.  But when introduced as a witness for the State at the trial, Milner testified that he did not get the whisky from Mrs. Marshall, that he had never seen her before, that when arrested at her home he was scared, and that he did not remember what he had said. The officers further testified that, upon finding Milner with the whisky, they immediately searched the Marshall home, but found no whisky therein, one of them testifying:  "In the kitchen near the sink I found a vessel, a pitcher or bucket, which smelled of whisky faintly."  No other sign or odor of whisky was found. Several neighbors of the accused testified that they had long observed a constant flow of people to and from the Marshall home, including white and colored people, some of whom would come away boisterous and intoxicated, occasionally throwing away empty bottles as they passed the homes of the witnesses.  Some were drinking from bottles as they drove away from the Marshall home in automobiles.  But no witness testified that these bottles, or any of them contained or had ever contained whisky or the odor of whisky, and none testified that any of these bottles were procured at the home of the accused, or that any whisky was ever seen in her home or upon her premises, or in her possession, custody, or control at any time or place.  In her statement to the jury the accused denied her guilt, claimed to have denied it to the first of the officers who told her what Milner had told them concerning the whisky found in his possession, and admitted that, having once

so denied it, she remained silent when the next officer had Milner to repeat the accusation in her presence. She claimed also that it was a vinegar bottle that the officer thought "smelled of whisky faintly," and that the drunken people seen by her neighbors passing their homes had also been seen by her passing her home.

Such evidence is insufficient to establish the defendant's guilt of any of the offenses charged. See, in this connection, *Johnson v. State,* 151 *Ga.* 21 (1), 24 (105 S. E. 603) ; Penal Code (1910), § 1010; *Savage v. State,* 28 *Ga. App.* 543 (112 S. E. 523) ; *Harris v. State,* 28 *Ga. App.* 463 (111 S. E. 686) ; *McCarty v. State,* 28 *Ga. App.* 625 (113 S. E. 31) ; *Vaughn v. State,* 29 *Ga. App.* 388 (115 S. E. 670) ; *Toney v. State,* 30 *Ga. App.* 61 (116 S. E. 550). *Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*