STATE, RESPONDENT, v. CHARETTE, APPELLANT.

(No. 5,809.)

(Submitted November 23, 1925.   Decided December 12, 1925.)

[242 Pac. 343.]

*Intoxicating   Liquors — Unlawful   Possession — What   not   De-
fense—"Moonshine"   Whisky—Definition.*

Intoxicating Liquors—Unlawful Possession—Defense That Possession was
for Medicinal Purposes—Not Available in Absence of Showing That
Possession Obtained on Prescription.
  1.   Under a charge of unlawfully possessing whisky claimed by de-
fendant to have been procured by defendant for her husband by ad-
vice of a physician, defendant could justify her possession thereof
only by a showing that it was obtained under a permit or a phy-
sician's prescription; therefore an offer of proof that it had been
obtained for use by the husband was properly refused in the absence
of an offer to show that it was obtained on a prescription.
Same—"Moonshine" Whisky—Definition—Possession Unlawful.
  2.   Moonshine whisky is whisky illicitly distilled or produced; hence
its possession can never be lawful.

---

[1] Intoxicating Liquors, 33 C. J., sec. 198, p. 585, n. 10; sec. 504, p.
761, n. 52 New.
[2]. Intoxicating Liquors, 33 C. J., sec. 195, p. 578, n. 91.

*Appeal   from   District   Court,   Beaverhead   County;   H.   G.
Rogers, Judge.*

VIRGINIA CHARETTE was convicted of unlawfully possessing
whisky, and appeals from the judgment.   Affirmed.

Cause submitted on briefs of Counsel.

*Messrs. Smith & Kelly,* for Appellant.

*Mr. L. A. Foot,* Attorney General, and *Mr. I. W. Choate,*
Assistant Attorney General, for the State.

MR. JUSTICE GALEN delivered the opinion of the court.

The defendant was charged, by information filed in the
district court of Beaverhead county, with the crime of un-

lawfully possessing whisky. Upon her plea of not guilty the case was regularly tried to a jury, which by its verdict found her guilty as charged, leaving the punishment to be fixed by the court. The court sentenced her to a term of imprisonment of four months in the county jail and to pay a fine of $500. Judgment was accordingly entered. The appeal is from the judgment.

It appears that on the morning of May 9, 1925, for the purpose of discovering evidence of violation of the liquor laws, A. F. Mooney, sheriff of Beaverhead county, accompanied by Frank Kellum, under-sheriff, Charles Nelson, chief of police of the city of Dillon, and Harry Hackett, a police officer, visited a rooming-house in the city of Dillon conducted by the defendant. They were armed with a search-warrant, and pursuant thereto proceeded to search the premises, as a result of which they found in a closet a pitcher containing moonshine whisky, six glasses and a tray. The defendant then and there acknowledged ownership of the whisky, and likewise later at the sheriff's office. In a hallway leading to the toilet there was a strong odor of moonshine, and there was a quantity of the same substance on the toilet floor; this being determined from the odor and by applying a match thereto. When lighted, it burned up with a blue flame, indicating that the substance was alcohol. In the toilet there were several empty jugs, two of which were gallon jugs, which latter were filled with water, and were wet on the outside. Upon uncorking them there was present a distinct odor of moonshine, which, at the time of the trial, upon introduction of these two jugs in evidence, witnesses said was still present. The defendant, upon being brought before a justice of the peace, "pleaded guilty." The information was filed five days subsequent to her arrest. There is no dispute as to the defendant's possession of the liquor, and it stands uncontradicted that it was moonshine whisky.

The specifications of error relate: (1) To alleged irregularities in the proceedings; and (2) to the exclusion of certain evidence by the court.

1. As to the first group of errors assigned, they were similarly urged in the case of *State* v. *Sorenson, ante,* p. 30, 241 Pac. 616. What is said in the opinion in that case effectually disposes of them as not meritorious, and nothing further need be said on the subject.

2. The defendant offered to prove by the testimony of [1] Dr. Dan J. Donohue that the health of Joe Charette, husband of the accused, was such, on account of heart trouble, that it was advisable at all times to have whisky on hand as a heart stimulant, and that the witness had so advised, which evidence was excluded. Further, the defendant was by the court denied the right to show that she had obtained the whisky through a messenger when her husband was suffering from an attack of heart trouble, for him and for no other purpose.

The offered testimony was properly excluded. The statute makes the possession of intoxicating liquor by any person not legally entitled thereto *prima facie* evidence that it is kept for the purpose of being sold or disposed of in violation of the law; the burden of proof being placed on the possessor thereof to show that it was lawfully acquired and is lawfully possessed and used. (Sec. 11079, Rev. Codes 1921.) The burden of proof being thus shifted to the defendant (*State* v. *Lewis,* 67 Mont. 447, 216 Pac. 337; *State* v. *Griebel,* 65 Mont. 390, 211 Pac. 331), she could only justify her possession of intoxicating liquor procured since the enactment of the liquor laws by showing that it was obtained under a permit (*Id.,* sec. 11052) or a physician's prescription (*Id.,* sec. 11053), or that it was possessed for sacramental or non-beverage purposes (*Id.,* sec. 11049). So that the offered testimony would constitute no defense, more especially so as to moonshine, denoting whisky unlawfully and illegally manu-[2]  factured, the possession of which can never be lawful.

Moonshine is whisky which has been illicitly distilled or produced. (*State* v. *Sedlacek*, 74 Mont. 201, 239 Pac. 1002.) By the proof offered she did not offer to show that it had been obtained on a doctor's prescription or that it was otherwise lawfully·in her possession. Admitting the proof offered for its full value, it would not justify defendant's possession of moonshine. At most, it would show that her husband needed whisky as a heart stimulant; that she had been so advised by Dr. Donohue; and that she obtained the liquor through a messenger for treatment of her husband and for no other purpose. It neither justifies nor furnishes excuse for the act, nor does it show or tend to show such possession as the statutes authorize.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, STARK and MATTHEWS concur.