17940.   TUTEN v. THE STATE.

BLOODWORTH, J.   1. In view of the particular facts of this case and of the entire charge of the court, the judge did not err in charging the jury as follows:  "If, however, you should find from the facts and evidence in the case, that the defendant did pick up the whisky, that he did take the whisky into his possessoin, custody and control, took it under such possession and control as to pass it on to another, although the other party only took possession of it for the purpose of taking a drink, I charge you that the party who took the whisky into his possession for the purpose of passing it on to another, if you find that to be the facts in this case, then under the law you will be authorized to find the defendant guilty."  *Barbour* v. *State*, 21 *Ga. App.* 243 (94 S. E. 272) ; *Brantley* v. *State*, 28 *Ga. App.* 536 (3, 4) (112 S. E. 170).
2. There was some evidence to support the verdict, and the judge did not err in overruling the motion for a new trial.
3. The trial judge did not err in overruling the motion to disqualify himself from passing upon the motion for a new trial.  *Parker* v. *State*, 146 *Ga.* 131 (90 S. E. 859) ; *Shuford* v. *Shuford*, 141 *Ga.* 407 (3) (81 S. E. 115).  *Judgment affirmed.  Broyles, C. J., and Luke, J., concur.*
                    DECIDED APRIL 12, 1927.

Possessing intoxicating liquor ; from city court of Baxley— Judge Speer.   December 18, 1926.

*J. B. Moore,* for plaintiff in error.

*Wade H. Watson, solicitor,* contra.

Criminal Law, 16 C. J. p. 1180, n. 74; p. 1209, n. 7.
Intoxicating Liquors, 33 C. J. p. 761, n. 53; p. 790, n. 35.