18731.  HARRELL *v.* THE STATE.

DECIDED APRIL 10, 1928,

*Hollis Fort,* for plaintiff in error.

*Jule Felton, solicitor-general,* contra.

LUKE, J. Having been convicted of possessing and controlling intoxicating liquors, Jesse Harrell made a motion for a new trial based solely upon the general grounds.

In 1926 S. M. Cantrell lived on a farm belonging to Mrs. Harrell, the defendant's mother. Mrs. Harrell was living in Atlanta, but had a room in the residence on the farm. The defendant "worked out of Atlanta," but would occasionally come to the place and stay a day or two at a time, occupying a room in Cantrell's residence. C. C. Bush testified: that in September, 1926, he found a still on Mrs. Harrell's place; that a negro, Willis, who was getting wood close by, ran away; that he (the witness) was at the still site in the afternoon before he destroyed it, and no still was there; that fresh wagon-tracks led from the yard of the Harrell house to the still site, and that he found the wagon that made the tracks; that the still was not in operation, but that scuppernong beer was being used, and that he found two barrels of it that had fermented; that there was a scuppernong arbor on the place and all the grapes had been gathered. The defendant admitted that he occasionally visited the place in 1926, but denied all knowledge of whisky, still, or mash. C. C. Bush testified: that on August 14, 1927, he found, at a distance of about three-quarters of a mile "from the house in which Mr. Harrell lives" and on Mrs. Harrell's place, a still in operation, with warm whisky in the worm; that a negro ran away from the still, and that the defendant was about ten feet from the still, sitting on a keg containing a gallon of whisky; that he found fifty gallons of alcoholic beer; and that the defendant stated that he was looking for hogs. The defendant denied all knowledge of still, beer, or whisky, and said that he saw smoke, and, knowing that fire had often started from a sawmill on his mother's place, walked over to where he was found, to see if fire had been started in the woods. He saw two negroes run towards the branch, and was standing looking (not sitting on any keg) when Mr. Bush came up.

In the night of Sunday, August 14, 1927, C. C. Bush went to the house of the negro, Willis, in Richland. He testified that he found only two people on the premises, the defendant, sitting on the back

steps, and the negro, Willis, in the house; that the defendant, who was drunk, was sitting about ten feet from some whisky found under the eaves of the house, and that a lard-can containing a pint-bottle that had some whisky in it was on the steps by the defendant. In regard to this transaction, the defendant denied being drunk, and stated that he had gone to the negro's house to get him to pull some fodder.

Counsel for the plaintiff in error cites the following cases: *Allen* v. *State,* 25 *Ga. App.* 331 (103 S. E. 101); *Cummings* v. *State,* 25 *Ga. App.* 427 (103 S. E. 687); *Leatherwood* v. *State,* 27 *Ga. App.* 34 (107 S. E. 422); *Harris* v. *State,* 28 *Ga. App.* 463 (111 S. E. 686); *McCarty* v. *State,* 28 *Ga. App.* 625 (113 S. E. 31); *Wilson* v. *State,* 32 *Ga. App.* 427 (123 S. E. 623); *Toney* v. *State,* 30 *Ga. App.* 61 (116 S. E. 550); *Graham* v. *State,* 150 *Ga.* 411 (104 S. E. 248); Penal Code (1910), § 1010. Most of the foregoing cases are cases of divided responsibility, and the facts of the others differentiate them from the case at bar. The case chiefly relied on by counsel is *Allen* v. *State,* supra. In that case, "all during the day," people walking and riding in automobiles were going to and from the place where the whisky was found, and the defendant was sitting "on, or in reach of," a keg of whisky in plain view of the road. Furthermore, the defendant's statement that he was waiting to buy whisky from Will West was corroborated by the testimony of a witness that he saw the defendant and Will West together, and saw Will come down the hill and engage in conversation with others.

We are confident that the case at bar discloses an accumulation of circumstances that warranted the jury in concluding that the facts were consistent with the hypothesis of guilt, and excluded every other reasonable hypothesis.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*