19137. ALABAMA GREAT SOUTHERN RAILROAD CO. *v.* CONNER.

DECIDED NOVEMBER 14, 1928.

*McClure, Hale & McClure, Maddox Maddox & Milchell,* for plaintiff in error.

BLOODWORTH, J. T. A. Conner brought suit in a justice's court against the Alabama Great Southern Railroad Company for $100, claiming that the defendant had damaged him in that amount by killing a mule which belonged to him. The defendant denied liability. There was an appeal to the superior court. On the trial in the superior court the evidence showed that the mule, which was not in the charge of any one, approached the railroad from the

east; that when he reached the railroad crossing he turned north and proceeded on the railroad between the main track and the passing track, the distance between these tracks being about. 8 feet; that upon reaching a cattle-guard, which was about 20 feet from the crossing, the mule fell down, and when "the mule fell down it fastened in the cattle-guard;" that "a train ran by from the north while the mule was in the cattle guard;" and that this train passed about 10.30 p. m. A witness swore that after the train passed, "the mule was struggling around there in the cattle-guard, and I went for help and took the mule out." The mule was alive at 1.30 a. m. the next morning, but was found dead that morning about 7 or 8 o'clock. The judge charged the jury in part as follows: "If this mule walked into this stock-gap and was injured thereby, and from this injury it died, and that alone appearing under the evidence, subject to the rules given you in charge, there could be no recovery; but if this mule fell in the stock-gap and was so frightened by the negligent running of the train and the injury was caused in that way, after the mule was in the stock-gap, and the engineer or employees of the railroad company, in operating the train in question, by the exercise of ordinary care could have seen or ought to have seen the predicament the mule was in, and did not exercise such care, and, as a result of the negligence or failure of the railroad company to exercise such care, this mule, by such negligence, was so frightened that it killed itself, then and in that event there might be a recovery in this case." This portion of the charge is alleged to be error because it is not the law of the case as shown by the evidence, is not adjusted to the facts as shown by the record, was confusing and misleading, and did confuse and mislead the jury; that there is no evidence that the mule was frightened by the negligent running of the train after the mule was in the stock-gap; that the approach of the train did not cause the mule to step in the stock-gap, and if it was frightened after it fell in the stock-gap by the running of the train, this could not have caused the mule to kill himself. The contention of the plaintiff in error is meritorious. There is absolutely no evidence that the mule, after it fell in the stock-gap, was so frightened by the negligent running of the train that it killed itself. Such a charge was not authorized by the evidence and was calculated to mislead and confuse the jury, and was such

740

an error as requires the grant of a new trial. We have adopted the second headnote of the decision in *Southern Marble Co.* v. *Pinyon,* 144 *Ga.* 260 (86 S. E. 1086), as the headnote to this case. The principle there announced is well established by numerous decisions of our appellate courts; among them *Central Ga. Power Co.* v. *Cornwell,* 139 *Ga.* 1 (2, 2a) (76 S. E. 387, Ann. Cas. 1914A, 880); *East* v. *State,* 31 *Ga. App.* 181 (120 S. E. 15).

Judgment reversed. *Broyles, C. J., and Luke, J., concur.*