21486. PIERCE *v.* THE STATE.

DECIDED JUNE 10, 1931.

*D. W. Mitchell,* for plaintiff in error.

*John C. Mitchell, solicitor-general,* contra.

LUKE, J. Malcomb Pierce was convicted of possessing intoxicating liquor. He excepts to the overruling of his motion for a new trial.

J. B. Butler, sworn for the State, testified as follows: "I ran up on Malcomb Pierce over in the woods back west of Springfield, over close to where he lives in Murray county. When I first came up they were in sorter an argument. . . They had a jug, and were pouring some whisky out in a bottle. Malcomb had the jug. When he saw me he started to run, and threw the jug down. I caught him. I got the jug. . . Lee Pierce run, and I caught him, and he had a bottle of whisky. He put it in his pocket when he started to run off. . . While I was chasing him Malcomb run off. That jug had whisky in it. It had something like a half-pint left in it. . . When I come up on them Lee was pretty drunk.

I could not tell you if Lee was fixing to give Malcomb a drink. I would not say the liquor in the jug belonged to Malcomb. When I walked up he threw the liquor down and ran. The other boy put the liquor in his pocket and tried to get away. Lee plead guilty to the possession of the whisky and said it was his. Malcomb was the man that had the jug and was pouring it into the pint bottle. He wasn't taking a drink when I walked up. I don't remember how much was in the bottle—something like a pint; it was a pint bottle, I believe. I don't remember exactly. I could not tell if Malcomb had been drinking when I saw him. I did not see where they had been cutting wood. I don't remember if they had been cutting wood there."

Lee Pierce, sworn for the defendant, testified: "That was my liquor we had out there. I found it over in the woods. Malcomb Pierce did not have a thing to do with it. I told him that I had a little, and he wanted to go and get a drink. I was fixing to give him a drink. He was pouring it out in the bottle to get a drink when the sheriff came up there. We had done poured it out, and we started back up there where he was cutting wood. He poured it out to take a drink, and the sheriff came up. Malcomb did not have anything to do with it at all. It belonged to me. I plead guilty to possessing that whisky." On cross-examination this witness testified as follows: "He did not fill that bottle up. I suppose it was me that took the pint bottle and started off with it. I had it in my pocket and Mr. Butler took it out of my pocket. . . It lacked a whole lot of being full. . . I don't know if he had already had a drink. I had had a drink. . . He was not filling up that bottle for me to take with me. He was just pouring what little there was in there in it. I just put that that he poured in the bottle in my pocket. He poured it in there for me to drink. . . I reckon he poured that out in the bottle for me. . . I did not have any sick folks at home. I thought I would take that home for my own use. That's what that was in the bottle for."

The gist of the defendant's statement to the jury follows: "I was over there, me and my brother, cutting wood, and Lee come in there and he was drunk, and he . . called me off to one side and asked me if I wanted a drink, and I told him I did. . . I went to take a drink, and couldn't out of the jug, and I started to pour it out of the jug; and Lee said: 'Pour it out in this bottle,

and we will drink it.' And I started to pour it out of the jug; and I said: 'Where did you get it?' And he said: 'I found it.' And I said: 'I am afraid of this stuff.' And about that time Mr. Butler come up. And he taken me by the arm, and Lee started to run, and he turned me loose to catch Lee. We were both going to drink it until I found out that he found it, and I was afraid of it. . . He was so drunk he could not pour it out and I poured it out for him."

■ The evidence in the case and the defendant's statement, with reasonable deductions therefrom, warranted the jury in concluding that the defendant was guilty of possessing whisky, and the court did not err in overruling the general grounds of the motion for a new trial.

■ Special ground 1 complains that the court erred "in failing to charge the law in reference to the temporary possession of whisky for the purpose of taking a drink, which was the only defense offered by the defendant in the case, and said defense was substantiated by the testimony of Lee Pierce, and also the defendant's statement. The evidence in the case has been rather fully set forth, and a repetition of it here would be useless. We will state, however, that there was evidence that the witness Lee Pierce was drunk, and that his testimony on cross-examination strongly confirms that evidence. After testifying that the defendant was not "filling up that bottle for me to take a drink," the witness swore: "I reckon he poured that out in the bottle for me. . . I was not going to take it home to some sick folks. None of them was sick. I thought I would take that home for my own use." It is also true that the defendant stated to the jury that the whisky was in "a half-gallon jug," and that "We was both going to drink it until I found out that he found it, and I was afraid of it—afraid to drink it; he was so drunk he could not pour it out, and I poured it out for him."

In the case of *Graham* v. *State*, 150 *Ga.* 411 (104 S. E. 248), the only question certified by this court to the Supreme Court was whether or not testimony showing that a person was seen in an intoxicated or partially intoxicated condition, and that such condition was caused by the drinking of intoxicating liquors, warranted a conviction of having, possessing, and controlling such liquors. The Supreme Court answered the question propounded to it in the

negative. It may be interesting to note that it appears from the report of the *Graham* case in 25 *Ga. App.* 665 (104 S. E. 249), that the only incriminatory testimony appears to have been that the defendant was under the influence of intoxicating liquors—was "too full to be on the streets;" and that the opinion in that case contains this statement: "No witness swore that he saw the accused with any liquor in his control or possession." We do not think that the scope of the *Graham* case should be extended beyond what was· actually decided in that decision; and we are satisfied that the trial judge did not commit reversible error in failing to charge, without request, as suggested in this ground. Therefore, we hold that there is no merit in the ground.

■ The last special ground, numbered 2, complaining that the court erred in instructing the jury to the effect that if Lee Pierce possessed the whisky, and the defendant "was present, aiding and abetting him, . . you ought to convict him," is without merit.

*Judgment affirmed.  Broyles, C. J., concurs.  Bloodworth, J., absent on account of illness.*