23744.  WRIGHT *v*. THE STATE.

DECIDED MARCH 9, 1934.

*C. G. Battle,* for plaintiff in error.

*John S. McClelland, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

GUERRY, J.   Willie Wright was convicted in the city court of Atlanta of the offense of having, possessing, and controlling alcoholic liquor.   She sued out certiorari, basing her petition on the general grounds.   The certiorari was overruled and she excepted.   The evidence discloses that officers went to her house and found her and two or three others in a room, and that when the officers entered the room she was drinking from a glass practically filled with whisky.   The officer asked her to give him the glass, and she refused to do so, and it was knocked out of her hand, and when the officer picked it up the wisky had run out.   The defendant claimed that the glass contained water.   Three pints of whisky were found in a dog-house in the yard of the defendant near an alley.

The evidence as to the finding of the whisky in the dog-house was not sufficient to support a conviction of possession of whisky, under the circumstantial-evidence rule.   Was the evidence that the

defendant was holding a glass of whisky in her hand, drinking from it, sufficient to support a conviction of possessing the same? In *Graham* v. *State*, 150 *Ga*. 411 (104 S. E. 248) George, J., rendering the opinion of the court, held: "Testimony showing that one charged with having, controlling, and possessing intoxicating liquors was seen in an intoxicated or partially intoxicated condition, and that such condition was caused by the drinking of intoxicating liquors, is not of itself sufficient to authorize the jury to find that the defendant possessed and controlled such liquors, either at the time he was observed to be under their influence or shortly prior thereto." The effect of this holding was, that a person in an intoxicated condition caused by drinking whisky could not, on such evidence alone, be convicted of possessing whisky. The drinking of whisky is not unlawful, for, as was said by Justice George, "whisky may be administered by a physician, taken unawares, or taken from the hand of another merely for the purpose of drinking the whisky. In the circumstance last supposed, the act of taking whisky from the hand of another is merely incident to the act of drinking the whisky." In *Tuten* v. *State*, 36 *Ga. App*. 662 (137 S. E. 853), it was in effect held that a person who takes whisky in his possession for the purpose of passing it to another in order that the other may drink it is guilty of possessing liquor. If we were called upon to decide as an original proposition, we would not be prepared to state that one may be guilty if he takes up a glass of whisky and passes it to another and yet the one to whom it is passed absolves himself from guilt by drinking the whisky, as the last-quoted part of the decision in Justice George's case, and the decision in the *Tuten* case, supra, seem to hold. However, in *Pierce* v. *State*, 43 *Ga. App*. 435 (159 S. E. 125), this court expressly held that this language of Justice George was pure obiter, under the question propounded by the Court of Appeals, and therefore was not binding on this court. Still, we can readily see that the mere fact that a person is drunk on whisky is not evidence that he was in the possession of whisky, as possession is contemplated in law, for it does not exclude the legal hypothesis, as suggested by Justice George, in the *Graham* case, that the whisky was taken unawares or was administered by a physician. The case here presented is that the defendant was seen in the possession of whisky, holding it in her hand for the purpose of drinking. Does the fact that she had it in her possession for the

purpose of or in the act of drinking it absolve the defendant from guilt? We think not. Her defense was that the glass contained water and not whisky. The fact that she was seen drinking the whisky excludes any hypothesis that the whisky was taken unawares or that it was administered by a physician, where there is no evidence to support any such defense. If a person takes up whisky in his or her hand for the purpose of drinking it, we can not see how better it can be shown that the person is in possession and control of the liquor. Evidence as to an intoxicated condition from the effects of such drinking may be insufficient to sustain a conviction, but evidence of actual possession of the whisky, whether it be for the purpose of drinking or for the purpose of passing the same to another to drink, is sufficient. We hold, therefore, that the evidence supports the verdict of guilty. The court did not err in overruling the certiorari.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*