## 24756.   WOFFORD *v.* THE STATE.

DECIDED MAY 3, 1935.

*James R. Venable, Robert McGinley, Frank A. Bowers,* for plaintiff in error.

*John S. McClelland, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

GUERRY, J.   All doubt as to whether one in the possession of liquor for the purpose of taking a drink is guilty of "possessing whisky," under our statute, should have been expelled by the decision of this court in *Wright* v. *State,* 48 *Ga. App.* 783 (173 S. E. 442).   The defendant was found with a quart-bottle partially filled with whisky and a drinking glass in his hand.   Others were present at the time.   His defense was that the bottle had been passed to him for the purpose of taking a drink and that he was in the act of accomplishing this purpose when discovered.   Evidence for the State showed that he was selling drinks to others present from the bottle.   However, conceding his statement to be the truth, he would none the less be guilty.   To be in the act of drinking whisky does not excuse its possession any more than would the pouring it out upon the ground.   Counsel for the defendant cites the *Wright* case, supra, and says: "In this case the court discussed at great length the temporary possession of liquor for the purpose of taking a drink, but on the other hand affirmed the conviction because the evidence showed that three other pints of whisky were found in a dog house in the yard near an alley, which was sufficient

to show that the defendant had liquor in her control for the evident purpose of selling same." However, the holding in that case was directly and plainly contrary to counsel's quoted statement. To quote from the opinion in that case: "The evidence as to the finding of the whisky in the dog house was *not* (italics ours) sufficient to support a conviction of possession of whisky, under the circumstantial-evidence rule." And the only question ruled upon was: "Was the evidence that the defendant was holding a glass of whisky in her hand, drinking from it, sufficient to support a conviction of possessing the same?" The court answered that question in the affirmative. It is therefore plain that the conviction of the defendant is supported, even by his own statement.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*