EVERHART *et al. v.* STATE.

(*Knoxville,* September Term, 1951.)

Opinion filed June 7, 1952.

Petition to Rehear June 25, 1952.

Petition to Rehear denied July 11, 1952.

274

PHILLIPS & HALE and J. EDWARD HYDER, all of Rogersville, for defendants.

NAT TIPTON, Assistant Attorney General, for the State.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This is a conviction for the unlawful possession of more than three gallons of unstamped whiskey, with punishment fixed at not more than three years in the state prison. Defendants are husband and wife and live southwest of Rogersville on Highway 70 and own a farm about 4½ miles from their residence. Officers of Hawkins County procured a search warrant to search the buildings located on this farm. They went by the home of the defendants and tried to obtain the keys to the building so that a forcible entry would not be necessary. The

Sheriff testified that Mrs. Everhart tried to persuade him to delay his search until the next day. Proceeding to the farm, the officers found thirty gallons of white moonshine whiskey covered up with straw in one of the stalls of the barn. The record shows that no tenants were operating this farm for the Everharts but that they were farming it themselves and held title to it as tenants by the entirety. They denied any knowledge of the whiskey.

The principal contention made by the defendants is that the indictment charged them with the possession of thirty gallons of white moonshine liquor and the motion to quash undertook to challenge the fact that the indictment failed to aver that the liquor was unstamped; that it contained more than five per cent alcohol and also challenges the validity of Chapter 182, Public Acts of 1947, under which they were indicted.

█ The indictment charged possession of "white moonshine liquor." It is generally held by the authorities that courts will take judicial notice of the fact that the term "moonshine" liquor means whiskey which has been illicitly, illegally and clandestinely made. *State* v. *Wright,* 312 Mo. 626, 280 S. W. 703; *Chaney* v. *State,* 21 Ala. App. 625, 111 So. 188; *Watson* v. *State,* 195 Wis. 166, 217 N. W. 653; *State* v. *Viering,* 175 Minn. 425, 221 N. W. 681; *State* v. *Charette,* 75 Mont. 78, 242 P. 343; *State* v. *Wheeler,* 318 Mo. 1173, 2 S. W. (2d) 777; *Gulley* v. *State,* 49 Okl. Cr. 254, 293 P. 1113.

█ In *Brown* v. *State,* 152 Fla. 853, 13 So. (2d) 458, 461, it is said:

"It is a matter of common knowledge, of which this Court must take judicial cognizance, that that commodity known as moonshine whiskey is an alcoholic liquor manufactured without the protection of,

276

and contrary to, law in respect to which no tax is either levied or may be collected.''

We think the averment that the defendants had the possession of ''white moonshine liquor'' is sufficient notice to the defendants that they were charged with the unlawful possession of unstamped whiskey.

We think that whenever one is charged with possessing moonshine liquor, that fact in and of itself by implication charges him with possession of liquor which has been illicitly distilled, liquor upon which the Federal tax has not been paid and liquor to which no state tax stamps may be lawfully affixed, and we also think that the indictment contains the equivalent of a charge that the liquor was unstamped.

It is further contended that the indictment fails to aver that the liquor in question contained more than five per cent alcohol. Responding to this assignment, we are of the opinion that the requirement that the liquor shall contain more than five per cent alcohol comes by way of exception in the statute which defines the character of liquors which shall be stamped under the provisions of the Act in question and it is well settled under our cases that exception in a statute need not be negatived. *Villines* v. *State,* 96 Tenn. 141, 33 S. W. 922.

Further, the authorities are to the effect that courts will take judicial notice that whiskey contains much higher alcoholic content than five per cent. *Singer* v. *U. S.,* 3' Cir., 278 F. 415; *Albert* v. *U. S.,* 6 Cir., 281 F. 511.

It is also insisted that the statute is invalid in that it amends Chapter 49, Public Acts of 1939, and that the title or substance of the latter Act is not contained in this Act. Any amendment which is accomplished by the

latter Act is an amendment by implication and does not fall within the constitutional objections. *Home Ins. Co.* v. *Taxing District,* 72 Tenn. 644.

█ It is further contended that the statute is invalid because while a minimum punishment is prescribed, no maximum punishment is fixed. This omission is governed by Section 10753 of the Code, which provides in substance that where punishment is not otherwise fixed, the punishment shall be one to ten years in the state prison. *Burke* v. *State,* 157 Tenn. 105, 6 S. W. (2d) 556.

█ It is further insisted that the statute violates the Constitution in that it provides for imprisonment for debt.

In *State* v. *Latham,* 136 Tenn. 30, 188 S. W. 534, it was held that the word "debt" as used in the constitutional provision covers only such obligations as arise between debtor and creditor by express contract or by implication of law. 40 A. L. R. 77.

It is further contended that it was error for the trial judge to permit cross-examination of the defendant Myrtle Everhart as to previous convictions for violating the liquor laws. It is conceded that the trial judge later instructed the jury not to consider such matters but it is insisted that the warning failed to remedy the harm which had been done. *Zanone* v. *State,* 97 Tenn 101, 36 S. W. 711, 35 L. R. A. 556; *Keith* v. *State,* 127 Tenn. 40, 152 S. W. 1029.

█ It was held that it was permissible to ask defendant with reference to previous convictions as affecting her credibility as a witness. See Wigmore on Evidence, Third Edition, Sec. 2276.

In the instant case, the state did not seek to introduce evidence in chief of prior convictions but the situation

here is that the defendant on cross-examination was asked about these previous convictions.

It is further insisted that the judgment should be reversed because there is no evidence that the liquor in question was unstamped. This would constitute an affirmative defense and the burden would be upon the defendant to so show. *Knowling* v. *State,* 176 Tenn. 56, 138 S. W. (2d) 416.

Furthermore, the liquor in question in its fruit jar containers, or six gallons thereof, was physically introduced in the presence of the jury for their examination. We think we may presume that the character of the containers was such as to negative any thought of stamps and the jury by personal inspection could determine that no stamps had been affixed to the containers.

We have considered all the assignments of error and find them without merit. The judgment of the lower court is affirmed.