## 36705. . DANIELS v. THE STATE.

CARLISLE, J.   Courts will take judicial notice of the fact that the term "moonshine liquor" means whisky which has been illicitly, illegally, and clandestinely made, as it is common knowledge that that commodity known as moonshine whisky is an alcoholic liquor manufactured contrary to law in respect to which no tax is levied or may be collected.   Everhart v. State, 194 Tenn. 272 (250 S. W. 2d 368, 369) ; Brown v. State, 152 Fla. 853 (13 So. 2d 458, 461) ; State v. Tuten, 131 N. C. 701 (42 S. E. 443).  See Code § 38-112, catchwords "Intoxicating liquors."   And, where, upon the trial of one charged with possessing non-tax-paid liquor, the jury is authorized to find from the evidence adduced that the defendant was found with a water glass full of moonshine whisky in his hand in the home of a named person, for whose house the arresting officers had a search warrant, and no other persons were present except the wife and children of the owner of the house, the jury was authorized to find the defendant guilty of possessing non-tax-paid liquor, and as the whisky found in the defendant's possession was illegal it could not come within any of the exceptions stated in Graham v. State, 150 Ga. 411 (104 S. E. 248).   Consequently, the trial court did not err in denying the motion for new trial based solely on the general grounds.

Judgment affirmed.   Gardner, P. J., and Townsend, J., concur.

DECIDED MAY 30, 1957.

Casey Thigpen, for plaintiff in error.
Thomas A. Hutcheson, Solicitor, contra.