2425

The STATE, Respondent v.
Jason STONE, Bryant C. Lewis, and Jason Shiflet, Appellants.
(465 S.E. (2d) 576)

Court of Appeals

*Cheree Gillespie,* Clemson, *for appellants.*

*John R. Gentry,* Clemson, *for respondent.*

Heard Nov. 7, 1995.

Decided Dec. 11, 1995.

GOOLSBY, Judge:

An officer ticketed Jason Stone, Bryant C. Lewis, and Jason Shiflet for unlawful possession of beer by a minor, an act proscribed by S.C. Code Ann. § 20-7-370 (Supp. 1994). A municipal court jury convicted all three defendants. All three defendants appealed to the circuit court, which affirmed their convictions. They now appeal to this court. We likewise affirm.

1. The municipal court committed no error in not directing a verdict of not guilty on the ground the State failed to carry its burden of proving the elements of the offense charged. The State met its burden of proof.

S.C. Code Ann. § 20-7-370 declares "[i]t . . . unlawful for any person under the age of twenty-one to . . . knowingly have in his possession, any beer. . . ." The statute also declares "[a]ny such possession is prima facie evidence that it was knowingly possessed." A person is in actual possession of beer when the beer is found to be in the person's actual physical custody. *Cf. State v. Ellis*, 263 S.C. 12, 207 S.E. (2d) 408 (1974) (actual possession of narcotic drugs occurs when the drugs are found in the actual physical custody of the person charged with possession). For the purpose of § 20-7-370, a person "knowingly possess[es]" beer if he consciously and voluntarily has control of it, however briefly. *See* 48 C.J.S. *Intoxicating liquors* § 266 at 783 (1981) ("'To possess' means to have the actual dominion, control, care, and management of the liquor.").

Here, the State offered evidence, when viewed, as it must be, in the light most favorable to the State, that the defendants knowingly and voluntarily had in their possession a quantity of beer at a time when they were each under the age of twenty-one. A police officer observed each defendant toting either a twenty-four pack or two twelve-packs of beer as they walked through a parking lot on Clemson University property. Identification produced at the scene revealed each defendant to be under the age of twenty-one. *See Tuten v. State*, 36 Ga. App. 662, 137 S.E. 853 (Ga. Ct. App. 1927) (a conviction for unlawful possession was proper even though the accused had the liquor in his possession only to pass it to another for a drink).

2. We regard without merit the defendants' contention they were entitled to a directed verdict because the burden was on the State to prove the defendants were not employees of the beer owner, a person old enough to lawfully possess the beer.

Although § 20-7-370 has no application to an "employee lawfully engaged in the sale or delivery of [beer] in an unopened container," the burden of proving the exception to the statute's application belonged to the defendants and not to the State. *State v. Attardo*, 263 S.C. 546, 211 S.E. (2d) 868 (1975) (when the State makes out a prima facie case under a statute and the defendant claims to fall within an "exception" in the statute, the burden is on the defendant to establish the defense); *see also State v. Clarke*, 302 S.C. 423, 396 S.E. (2d) 827 (1990) (when dealing with a statutory crime to which there are exceptions, the defendant bears the burden of showing his actions fit within the exception and the State is not required to negate each exception to the offense in order to sustain its burden of proof).

■ 3. There is no merit to the defendants' complaints regarding the municipal court's treatment of their requested instructions.

The defendants wanted the municipal court to give the jury the following instructions: the alcohol possession statute had no application to an employee lawfully engaged in the delivery of beer while the beer was in an unopened container; the State had to prove beyond a reasonable doubt each defendant intended to control the disposition or use of the beer; the State had to prove beyond a reasonable doubt each defendant was not an employee of the beer owner; an employer-employee relationship could exist even though the purposed employee neither expected nor was entitled to compensation; and the test determining whether an employer-employee relationship existed was whether the purported employer had the right or power to direct and control the purported employee in the performance of his work and how it was to be done.

The municipal court charged the entire statute to the jury, including the portion of the statute that states the statute "does not apply to any employee lawfully engaged in the sale or delivery of any such beverage in an unopened container." The municipal court further instructed the jury to consider the element of control in determining the question pf possession and specifically mentioned the language "the intent to control its disposition or use" that appears is Judge Ervin's book, the authority cited by the defendants for their request to charge. TOM J. ERVIN, *ERVIN'S SOUTH CAROLINA*

*REQUESTS TO CHARGE—CRIMINAL* § 19-3 at 163-64 (1994). It also told the jury that an employer-employee relationship can exist without there bring any wages involved and related to the jury the test set forth in the last paragraph of the defendants' requests to charge for determining whether an employer-employee relationship existed. The municipal court properly refused to tell the jury the State had the burden of proof on the issue of whether the defendants were employees of the beer owner. The charge given the jury here sufficed. *See State v. Smith*, 315 S.C. 547, 446 S.E. (2d) 411 (1994) (the substance of the law is what must be instructed to the jury); *Waldrup v. Metropolitan Life Ins. Co.*, 274 S.C. 344, 263 S.E. (2d) 652 (1980) (a charge must be construed and considered as a whole before an assignment of prejudicial error can be made).

4. The defendants' contention that they were entitled to a new trial because the municipal court gave the jury a confusing charge is also without merit. We have read the entire charge and do not find it confusing in the least. *See State v. Sims*, 304 S.C. 409, 422, 405 S.E. (2d) 377, 384 (1991), *cert. denied*, 502 U.S. 1103, 112 S.Ct. 1193, 117 L.Ed. (2d) 434 (1992) ("Jury instructions must be considered as a whole and if as a whole, they are free from error, any isolated portions which might be misleading do not constitute reversible error.").

As to the defendants' argument that the charge was confusing because one juror had a question following the verdict, the record shows each juror, including the one with the question, answered plainly and without equivocation when the municipal court polled the jury about the verdict. The juror's unambiguous and unequivocal response of "Guilty" when she was polled cured any doubt regarding whether she assented to the verdict and cleared up any confusion that may have made her reluctant to go along with the verdict at first. *See State v. Roper*, 274 S.C. 14, 260 S.E. (2d) 705 (1979) (if a juror's answers leave doubt as to whether the juror has assented to the verdict but do not otherwise indicate involuntariness or coercion, a subsequent answer indicating clear and unequivocal assent will generally cure the defect).

Affirmed.

HOWELL, C.J., and CURETON, J., concur.