THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Full Steam
 Ahead, Inc., Respondent,
 v.
 Mary Graham, Appellant.
 
 
 

Appeal From Horry County
 Benjamin H. Culbertson, Circuit Court
 Judge
Unpublished Opinion No.  2010-UP-380
Submitted June 1, 2010  Filed August 3,
 2010
AFFIRMED

 
 
 
 Irby E. Walker, Jr., of Galivants Ferry, for Appellant.
 Kathryn M. Cook, of North Myrtle Beach, for Respondent.
 
 
 

PER CURIAM:  Mary
 Graham appeals the trial court's denial of her motion for a new trial and the
 entry of judgment, arguing these decisions were error in light of evidence of
 juror misconduct.  We
 affirm[1] pursuant to Rule 220(b), SCACR, and the
 following authorities:  Rule 606(b), SCRE
 (preventing a juror from testifying "to any matter or statement occurring
 during the course of the jury's deliberations or to the effect of anything upon
 that or any other juror's mind or emotions as influencing the juror to assent
 to or dissent from the verdict or indictment"); Raby Constr., L.L.P. v.
 Orr, 358 S.C. 10, 17-18, 594 S.E.2d 478, 482 (2004) (placing the
 decision whether to grant or deny a motion under Rule 60(b), SCRCP, within the
 sound discretion of the trial judge); Shumpert v. State, 378 S.C. 62, 66,
 67, 661 S.E.2d 369, 371 (2008) (recognizing distinction between external and
 internal juror misconduct and exclusion of juror testimony concerning internal
 misconduct, but also noting exception to this exclusion when misconduct
 undermines fundamental fairness of the proceeding); Vestry & Church
 Wardens of the Church of the Holy Cross v. Orkin Exterminating Co., 384 S.C.
 441, 446, 682 S.E.2d 489, 492 (2009) ("Misconduct that does not affect the
 jury's impartiality will not undermine a verdict."); U.S. v. Basham,
 561 F.3d 302, 318, 320 (4th Cir. 2009) (finding neither reversible error nor
 prejudice where jury foreperson contacted numerous media outlets and placed
 seventy-one telephone calls to other jurors during trial (cert. denied, Basham v. U.S., 2010
 WL 2160795 (U.S. Jun. 1, 2010) (No. 09-617)); State v. Stone, 320 S.C. 395, 399, 465 S.E.2d 576, 578
 (Ct. App. 1995) (holding a juror's "unambiguous and unequivocal response
 of 'Guilty' when she was polled cured any doubt regarding whether she assented
 to the verdict and cleared up any confusion that may have made her reluctant to
 go along with the verdict at first").  
AFFIRMED.
FEW, C.J., PIEPER, J., and CURETON, A.J., concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.