Roy Hendricks and Al Brooks *v.* The State.

(*Nashville.* December Term, 1930.)

Opinion filed June 10, 1931.

E. D. Jackson, for plaintiff in error.

W. F. Barry, Jr., Assistant Attorney-General, for defendant in error.

Mr. Justice Chambliss delivered the opinion of the Court.

This was a conviction for larceny with a sentence of eleven months and twenty-nine days. The plaintiffs in error were jointly indicted for larceny and for concealing stolen goods, consisting of four cart wheels of the alleged value of $48, the property of the Federal Chemical Company, a manufacturer of fertilizers, located in the suburbs of Nashville. An old negro peddling water melons, and driving a wagon which belonged to Hendricks, was stopped by one of the employees of the Federal Company who claimed to recognize the four wheels on the wagon as wheels which had been owned and used by the Company on carts about the plant. Hendricks was sent for and made the explanation that he had purchased the wheels sometime before from different parties, getting two of them through plaintiff in error Brooks, and insisted that he did not know that they had belonged to the Federal Company and gave a rather consistent account of his connection with them. His indictment followed and Brooks was indicted with him, as before stated. It appears that Brooks had been working for Hendricks at one time driving this wagon and while so engaged, when one or more of the wheels broke down, his story is that he found and put on the wagon two old

and abandoned cart wheels which he found on the Chemical Company's dump. It does not appear that he informed Hendricks of this, but left him under the impression that he had purchased them from another party.

Without going into extended details, we think the evidence is not at all clear and satisfactory, particularly as supporting the conviction of Hendricks for larceny There is a good deal of doubt on the record as to when the wheels were stolen, if at all. The Company had a great many carts and was continually buying and replacing the worn out wheels; the wheels were distinguishable from ordinary wagon wheels, according to some of the proof, but not conspicuously so, and, also, there is a good deal of evidence that wheels of this identical type were in use by two other Chemical Fertilizer Companies in the vicinity. There is no direct evidence that either of these parties stole the wheels and there is some doubt as to the establishment of the *corpus delicti.* Without, however, passing definitely on the assignments challenging the preponderance of the evidence, we think the case must be reversed, at least as to Hendricks, on the following grounds:

On the trial of the case, defendant Hendricks testified in his own behalf. On cross-examination he was asked (Tr. 55) "I am going to ask you if you were not convicted in this Court for receiving lead taken from the identical people that you are being accused of taking wheels from right now?" The question was repeated, in substance, with direct reference again to the Chemical Company. He answered that he had been so convicted of concealing lead so stolen in another Court.

Further, on cross-examination of other witnesses for this defendant, who had testified to acquaintance over

some years with him, this question was asked: ''It didn't make any difference to you that he was convicted for concealing stolen property from the Federal Chemical Company and served time on the road?'' Exception was duly taken.

While a defendant testifying for himself may be asked, for the purpose of reflecting on his credibility as a witness, if he has been formerly convicted of a felony, the rule is that, ''The impeaching evidence is restricted to the fact of conviction, and it is not permissible to show the details and incidents of the crime, or the identity of the person upon or against whom the crime was committed.'' 40 Cyc., p. 2610. We are cited to no Tennessee case dealing with this precise question, but the rule quoted is sustained by *Lamoureux* v. *New York, etc., R. R. Co.*, 169 Mass., 338, 47 N. E., 1009; *Com.* v. *Galligam*, 155 Mass., 54, 28 N. E., 1129; *State* v. *Mount*, 73 N. J. L., 582, 64 Atl., 124; *Flournoy* v. *State* (Tex. Cr. App., 1900), 59 S. W., 902; *Choice* v. *State*, 54 Tex. Cr., 517, 521, 114 S. W., 132; also, *State* v. *Gottfreedsom*, 24 Wash., 398, 64 Pac. 523.

The inquiry must be limited to the fact of a former conviction and of what crime, with the object only of affecting the credibility of the witness, not prejudicing the minds of the jury as to the guilt of the defendant witness of the crime for which he is on trial.

This restriction of the rule admitting proof of a former conviction of a crime is consistent with the general principle that proof of a distinct offense is not admissible upon the trial for another offense, because prejudicial.

It also appears from the argument of counsel for the State, to which exception was taken, that great emphasis

was put on this former conviction of Hendricks, and we cannot escape the conclusion that in the estate of uncertainty of the proof the jury was much influenced by the fact that Hendricks had been on a former occasion convicted of concealing lead which had been stolen from this same Company, for which the record shows that he had at one time worked.

We feel constrained to reverse and remand the case as to Hendricks, and we are of opinion that the ends of justice will be more certainly served by reversing as to Brooks also, since the defense of Brooks was necessarily affected by the weight to be given to testimony of Hendricks.