## HARDIN *v.* STATE

No. 40755          January 13, 1958          99 So. 2d 600

*Carl E. Berry, Jr.,* Hattiesburg, for appellant.

*J. R. Griffin, Asst. Atty. Gen.,* Jackson, for appellee.

Hall, J.

The appellant was convicted of the crime of robbery and sentenced to two years in the state penitentiary, from which she appeals.

■■ ■ The place alleged to have been robbed is a night club known as the Idle Hour, located near Hattiesburg and owned and operated by appellant's mother, Mrs. Eva Kelly. It appears that appellant had been living in Detroit, Michigan, and had just returned to Hattiesburg and had left some of her clothes at the night club. Later she returned to the night club in the morning part of the day for the purpose of getting her clothes. Her daughter 16 years of age was with her, and they were propositioned to go to work in the night club entertaining the men guests, which they refused to do, and appellant left without getting her clothes. Late in the afternoon of the same day appellant returned to try to get her clothes and an argument ensued between appellant and her mother. It appeared that the mother had a metal box containing a pistol and some money and the mother threatened to kill the appellant and started to the metal box for the purpose of getting the gun out of it. The key to the box was hanging to the mother's clothes and appellant jerked the key off. Thereupon the mother procured a piece of iron pipe and started beating on the box to open it. When she had about gotten the box open appellant grabbed the box and fled with it. According to her testimony she took the box to prevent her mother from getting the pistol out of it.

The appellant undertook to show by cross-examination of the mother as well as by other witnesses that on several different occasions the mother had shot at different members of the appellant's family, but on objection by the District Attorney the court would not permit any of this evidence to go to the jury. We think that this evidence should have been permitted to go to the jury as tending to the show the bias and prejudice of the prosecuting witness, and that, even though it was not a part of the res gestae, the lower court erred in not permitting it to be admitted. Section 1693, Code of 1942, and annotations thereunder.

■■■ During the course of the trial the prosecuting witness was asked whether she had ever been convicted of any offense. To begin with she stoutly denied ever having been convicted of anything. Later in her testimony she admitted that she had been convicted of driving without a driver's license, and later admitted that she had been convicted of permitting gambling on the premises occupied by her. She stoutly denied other convictions. The deputy circuit clerk was introduced and testified that her office is the custodian of the docket of a man who was formerly a justice of the peace, but over objection of the District Attorney she was not permitted to introduce the docket or to testify what it showed with reference to certain convictions of the prosecuting witness. Section 1843, Code of 1942, makes the circuit clerk's office the custodian of a justice of the peace docket kept by a man who has held that office and has gone out of office, and we think that the appellant was entitled to show by the deputy clerk the convictions of the prosecuting witness, but over objection of the District Attorney, the court excluded all of this.

From what we have said it follows that the judgment of the lower court should be reversed and the cause remanded.

Reversed and remanded.

All Justices concur except *Holmes* and *Gillespie, JJ.*, who took no part.