Horace Wayne LAIRD, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

March 9, 1978.

Certiorari Denied by Supreme Court
May 1, 1978.

Hughie Ragan, Jackson, for appellant.

Brooks McLemore, Jr., Atty. Gen., Robert A. Grunow, Asst. Atty. Gen., Nashville, James G. Woodall, Asst. Dist. Atty. Gen., Jackson, for appellee.

OPINION

DAUGHTREY, Judge.

The defendant-appellant, Horace Wayne Laird, was charged with escaping from the Madison County Workhouse, where he had been confined on a felony conviction for forgery. The jury found Laird guilty and sentenced him to serve an additional eleven months and twenty-nine days on the escape conviction. On appeal the defendant raises multiple assignments of error, the most serious of which concern (1) the sufficiency of the evidence to support the verdict, (2) the admissibility of evidence of other crimes committed by the defendant, (3) the exclusion of certain testimony offered by the defendant's wife and mother, and (4) the trial court's instructions to the jury. Two other assignments involve the trial judge's discretionary rulings in limiting voir dire and in announcing sequestration of the jury. We find no abuse of discretion as to those assignments, nor any reversible error in connection with the other assignments, and we therefore affirm the conviction.

The evidence in the record, as accredited by the jury's verdict, establishes that the defendant was assigned to a county road work truck, from which he jumped after the driver slowed down to make a sharp turn. A guard and three other prisoners were also in the back of the truck at the time. Regaining his balance after he landed in the road, the defendant ran quickly from the area; he was recaptured four days later, while hiding behind a chimney in the attic of his home. Another workhouse prisoner testified that earlier that same day the defendant had expressed a desire to be with his wife and had said that he was going to run away.

Testifying in his own defense, the defendant denied that he intended to escape and claimed that he fell off the truck accidentally. He said that he ran after falling because he was afraid he would be charged with escape, and that he did not turn himself in because he was "in shock" and had

received information from his wife which made him "scared [he] would be shot."

The jury rejected the defendant's theory of the case, and we are unable to say that the evidence preponderates against their verdict, as it must in order to support reversal on appeal based on the sufficiency of the proof at trial. *McBee v. State,* 213 Tenn. 15, 372 S.W.2d 173 (1963). We therefore overrule the related assignment of error.

The defendant next attacks the introduction of evidence of two prior convictions for escape from the county workhouse that was elicited from him on cross-examination. In effect, his attorney objected to this evidence on the grounds that it was being adduced solely for propensity purposes, in violation of the general rule which prohibits the use of evidence of bad character in order to produce an inference that the accused acted in conformity with that bad character on the occasion in question and that he is, therefore, guilty of the crime charged. *See* E. Cleary, *McCormick on Evidence* § 190 (2d ed. 1972); D. Paine, *Tennessee Law of Evidence* § 3 (1974); *Carroll v. State,* 212 Tenn. 464, 370 S.W.2d 523 (1963).

In response to this objection, the prosecutor countered that the evidence was being offered "only as it affects [the defendant's] credibility." The trial judge made no specific ruling, saying only that the prosecution could not "go into details of the other escapes." Moreover, there was no limiting instruction given the jury concerning the appropriate use of this testimony. On the other hand, there was also no request for such an instruction nor any contemporaneous objection to its omission.

In his brief, the defendant now contends that the testimony concerning his prior convictions violated the rule in *State v. Morgan,* 541 S.W.2d 385 (Tenn.1976), a recent opinion of our Supreme Court which governs the admissibility of prior convictions and other specific bad acts offered to impeach. The State argues in response that the *Morgan* rule is not applicable, because the evidence in question is admissible for substantive purposes as an exception to the general prohibition against the use of character evidence. *See generally Collard v. State,* 526 S.W.2d 112 (Tenn.1975).

■ We think it was error for the trial judge to fail to announce the specific reason for his apparent ruling of admissibility, not only because the omission makes appellate review difficult, but also because identification of the reason for this particular ruling was necessary to frame the appropriate limiting instruction that should have followed the ruling. As the defendant belatedly points out in his brief, no limiting instruction was given. However, the blame for both these errors must be laid at the defendant's feet, because he made no request for a specific ruling nor any objection to the failure to give a limiting instruction, either at the time the evidence was elicited or in his motion for a new trial.

■ If the evidence in question was relevant solely for the purpose of impeachment, it would clearly run afoul of the substantive and procedural dictates of *Morgan.* 541 S.W.2d at 388–90. Among other things, the record fails to show whether the convictions were for felonies or misdemeanors and of what vintage; nor was there any determination by the trial court that the probative value of this evidence outweighed any prejudicial effect it might have on the jury. But any error in this regard must be viewed as cured by the fact that this evidence was plainly admissible as substantive evidence to rebut the defense of accident or mistake and to prove the defendant's intent. It thus qualifies as an exception to the prohibitory rule discussed above. *See Collard, supra,* 526 S.W.2d at 114; *Tennessee Law of Evidence, supra* at § 6; *McCormick on Evidence, supra* at § 190.

■ Had the evidence been ruled admissible on the proper ground, the jury should then have been told of the appropriate limitation on its use. But we think any error by omission in this regard is harmless here, because we do not believe that it affected the outcome of the trial. *See* T.C.A. § 27–117. We therefore overrule the as-

signment of error related to the evidence of the defendant's prior convictions.

■ The defendant next raises yet another evidentiary question, arguing that the trial court improperly excluded testimony offered by the defendant's wife and mother that on the day of the defendant's escape they were told by a local deputy sheriff that the defendant "is going to get hurt . . . [because] we've got orders to shoot." The defendant expected to show that these two witnesses repeated this statement to him, for the purpose of establishing fear on his part and thereby explaining his failure to surrender to local officials.

The trial judge excluded this evidence as hearsay. We conclude that this ruling was incorrect.

■ Hearsay is defined as "testimony in court or written evidence, of a statement made out of court, such statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value on the credibility of the out-of-court asserter." *Bennett v. State*, 530 S.W.2d 788, 792 (Tenn.Crim.App.1975), *quoting* E. Cleary, *McCormick on Evidence* § 225 (2d ed. 1972). Of course, the out-of-court declaration in this case was offered not to prove the truth of its content, i. e. that the officers intended to or would shoot the defendant, but instead was relevant (if at all) to show its effect on the hearer, i. e. a state of fear induced by the fact that the statement was made, without regard to its truth or falsity. Consequently, the assertion was non-hearsay. *Bennett v. State, supra*, 530 S.W.2d at 793; *McCormick* § 249; *Paine*, § 48. The only legitimate question here is not the trustworthiness of the declarant, but the trustworthiness of the two witnesses who heard the declaration, that is, their ability to perceive (and transmit) the statement accurately. These witnesses were present in court, under oath, and subject to cross-examination on this issue, as was the defendant, to whom the statement was conveyed. It was, therefore, error to exclude the proffered testimony. However, we do not think the error was reversible because of the dubious probative worth of this evidence and the extreme unlikelihood that its exclusion affected the outcome of the trial. *See* T.C.A. § 27–117. We therefore overrule the related assignment of error.

Finally, the defendant assigns as error the trial court's instruction to the jury that "[i]f the Defendant was in the workhouse on a conviction of felony and escaped from a work crew, he would be guilty of the charge set out." The defendant made a contemporaneous objection to this portion of the jury charge in writing, on the ground that it was not a complete and accurate charge of the law. However, defense counsel submitted no special request setting out what he deemed to be an appropriate supplemental instruction on this point.

■ While we agree that the charge in question might have been more detailed, it is certainly not legally incorrect. T.C.A. § 39–3807 provides:

> If any person confined in a county workhouse or jail upon any charge of or conviction of a criminal offense constituting a felony shall escape or attempt to escape therefrom he shall be guilty of a felony
>
> . . . . .

This court has previously held that escape from a county road work detail constitutes a violation of T.C.A. § 39–3807. In *Donald L. Strickland v. State of Tennessee*, Court of Criminal Appeals, released at Jackson, November 6, 1975 (unreported), the Court said:

> . . . In our view, it is of no significance that the actual escape took place outside the confines of the walls of the Penal Farm. It is sufficient that the defendant escaped from the custody of the Shelby County Penal Farm.

The *Strickland* court, quoting from 30A C.J.S. *Escape* § 5c, noted that:

> . . . the crime of escape is not limited to escape from the prison walls, but may be from whatever bounds the prisoner has been assigned . . . . .

Likewise, escape may be committed by the prisoner's departure from the custody of an officer; and the crime may be committed by a prisoner who escapes while at work outside the walls of a penal institution under the surveillance of guards . . . .

We hold that the defendant's intentional and unauthorized departure from the work crew constituted an escape for purposes of T.C.A. § 39–3807. It follows that the jury instruction in question was not legally in-correct, and the related assignment of error is therefore overruled.

The judgment of the trial court is af-firmed.

WALKER, J., and ARTHUR C. FA-QUIN, Jr., Special Judge, concur.