**STATE of Tennessee, Appellee,**

v.

**Ricky MABE, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

May 26, 1983.

Harry J. Smith, Mountain City, for appellant.

William M. Leech, Jr., State Atty. Gen. and Reporter, Steven A. Hart, Asst. State Atty. Gen., Nashville, David Crockett, Asst. Dist. Atty. Gen., Elizabethton, for appellee.

## OPINION

BYERS, Judge.

The defendant was convicted of concealing stolen property over the value of two hundred dollars ($200.00) and was sentenced to serve not less than six (6) years nor more than ten (10) years.

The defendant says the evidence does not show the defendant knew the property was stolen, says the evidence does not show the value of the property exceeded two hundred dollars ($200.00) and says the assistant district attorney general erroneously commented on his right to remain silent subsequent to arrest.

The judgment is reversed, and the case is remanded for a new trial.

On September 8, 1980, a home was broken into and money, rings, guns and a coin collection were stolen therefrom. On September 11, 1980, the defendant sold Johnny Osborne three guns. Osborne gave the defendant a fifty dollar ($50.00) check for two of the guns, and the defendant negotiated the check. Osborne asked his sister to give the defendant a twenty-five dollar ($25.00) check for the third gun. Subsequently Osborne learned of the theft of some guns and suspected he had purchased them. Osborne contacted the man whose home had been entered, and the owner of the guns identified the guns as the ones stolen from him. On direct-examination the owner testified the guns were worth more than two hundred dollars ($200.00). On cross-examination he said it was possible that the guns were valued at less than two hundred dollars ($200.00).

The defendant testified that he did not know the guns were stolen. He said he was selling them for another person.

■ We are of the opinion the evidence is sufficient for a finding of guilt beyond a reasonable doubt. Rule 13(e), T.R.A.P.

There is no question a burglary and larceny occurred and that the three guns were stolen. Shortly after the burglary and larceny occurred, the defendant had the guns in his possession and sold them. From the possession of the guns and all of the circumstances surrounding the possession, the jury could infer that the defendant knew the guns were stolen and that he concealed them with the intent to deprive the owner thereof. *State v. Hatchett,* 560 S.W.2d 627 (Tenn.1978).

We are of the opinion the judgment in this case must be reversed because of the comment of the assistant district attorney general on the post-arrest silence of the defendant.

In the course of the trial, an officer testified that he advised the defendant of his rights after the defendant was arrested. The state then asked the officer if he attempted to question the defendant further concerning the guns. The officer responded that the defendant said he would like to talk to a lawyer and that he (the defendant) did not wish to say anything. No objection was made to this comment.

In closing argument the assistant district attorney general commented on the defendant's post-arrest silence as shown in the following colloquy:

GENERAL CROCKETT: Mr. Mabe sells these guns, he says, for another person. He says he's selling them for a McGuire boy that's a friend of his, and that he and McGuire were just leaving to go to the State of Pennsylvania. But he didn't tell the police that. He didn't mention that for over 16 months or so, from November of 1980 until today is the first day he names McGuire as being the man that he says stole those . . .

MR. SMITH: Your Honor, I'm going to object to him arguing about the silence of this man. That's his Constitutional right, Your Honor, not to speak to this—this matter to the police or anyone else. I'm going to object as being improper argument.

GENERAL CROCKETT: It is, Your Honor, his Constitutional right to remain

silent. But I think that we can comment on the believability of what he says here today when he does choose to exercise his right to speak, that he comes up here now and—and tells this, and I'm coming to this, I want to know where McGuire is.

THE COURT: Objection overruled under these circumstances.

GENERAL CROCKETT: We didn't know about McGuire, he hasn't told the State about McGuire for the State to go out and investigate and find out where this McGuire is. McGuire is his friend and his buddy that went with him up to Pennsylvania for two months right after this burglary. Where's McGuire? You certainly can't say—the defense can't stand up here and tell you that we should have had McGuire, because McGuire— this is the first time we've heard of him.

■ When a defendant exercises his constitutional right to remain silent after arrest, the fact that he does so cannot be used against him; post-arrest silence cannot be used to impeach the defendant's testimony. *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); *Braden v. State,* 534 S.W.2d 657 (Tenn.1976); *Honeycutt v. State,* 544 S.W.2d 912 (Tenn.Cr.App.1976).

■ The state asks us to hold that this error is harmless beyond a reasonable doubt. We are unable to reach this conclusion. The state's erroneous comment in argument went to the heart of the defendant's theory of the case, which was that he did not know the guns were stolen and that he was merely selling them for another person. The conviction stands only on an inference drawn from the possession of stolen property, and the jury fixed the maximum punishment in this case. Under these circumstances we cannot say that the error was harmless beyond a reasonable doubt.

■ Although not raised as an issue for review, we note another instance of improper conduct by the assistant district attorney general. In cross-examination of the defendant by the assistant district attorney general, the following exchange took place:

Q That's what you were planning, you weren't running from anything. Isn't it a fact that you went to Pennsylvania and you got charged with selling marijuana there, and you were convicted of that offense.

MR. SMITH: I'm going to object to that.

GENERAL CROCKETT: Is that correct, sir?

A No, sir.

THE COURT: Sustained. Ask—ask the ladies and gentlemen of the Jury to disregard this.

MR. SMITH: Move for a mistrial on that, Your Honor.

THE COURT: Motion for a mistrial respectfully denied.

The assistant district attorney general should have requested a jury-out hearing as required by the rule in *State v. Morgan,* 541 S.W.2d 385 (Tenn.1976). The purpose of a *Morgan* hearing is to allow the trial judge to determine the admissibility of a prior crime or act out of the presence of the jury in order to avoid possible prejudice to the defendant. A *Morgan* hearing in this case would have prevented the implication of wrongdoing, which was denied by the defendant, from being presented to the jury. This Court has on several occasions admonished against prosecutorial overkill in various cases. We recommend to the assistant district attorney general in this case that he restrain himself in prosecuting cases to avoid the necessity of re-trying cases where, but for such course, one trial would suffice.

WALKER, P.J., and DAUGHTREY, J., concur.