**STATE of Tennessee, Appellee,**

v.

**Carol STAFFORD, Appellant.**

**No. 83–90–III.**

Court of Criminal Appeals of Tennessee, at Nashville.

Jan. 31, 1984.

Permission to Appeal Denied by the Supreme Court May 14, 1984.

Bobby James Ellis, Gainesboro, for appellant.

William M. Leech, Jr., Atty. Gen. & Reporter, David M. Himmelreich, Asst. Atty. Gen., Nashville, Ben Fann, Asst. Dist. Atty. Gen., Cookeville, Marsha L.K. Selecman, Asst. Dist. Atty. Gen., Crossville, for appellee.

## OPINION

DWYER, Judge.

Appellant was convicted of aggravated assault, T.C.A. § 39–2–101, on William Cook, Jr., and assault with intent to commit murder in the first degree, T.C.A. § 39–2–103, on William Cook, Sr. Punishment was set at confinement for not less than two years nor more than four years on the former conviction and five years on the latter conviction. The sentences were ordered to run consecutively.

Because the sufficiency of the evidence has not been challenged, it will be summarized in condensed form.

The Cook family was in the Silver Dollar Tavern in Clay County on the afternoon of March 14, 1981. The senior Cook had been drinking beer and bought beer for the patrons of the establishment. He played pool with the appellant, waging ten dollars per game and winning several games. At approximately 8:30 p.m., a fight broke out in the tavern among some people that the Cooks did not know. When the combatants crashed into the table where the Cooks were sitting, the senior Cook stood up and moved back. At this point, appellant stabbed him in the back with a knife. Mr. Cook testified that the attack was a surprise because he and appellant had not argued previously. Mr. Cook's son hit the appellant and was promptly cut about the arms and stabbed in the leg by appellant. A doctor testified for the State that the senior Cook had six stab wounds in his chest and abdomen and that if he had not been heavily built, the chest wounds could have been fatal. The appellant testified in his own behalf that Mr. Cook ordered him from the bar after an argument. When he

returned to the tavern, Cook struck and grabbed him. Appellant took out his knife and cut Cook, who then released him. He stated that he must have accidentally cut Cook's son during the fight.

■ The first issue is whether the trial court erred by allowing the State to ask appellant about his prior convictions. At a jury-out hearing, appellant admitted to prior convictions for voluntary manslaughter, simple robbery, third-degree burglary, and attempt to commit a felony. The latter conviction involved an assault in a "fist fight". Appellant testified that the sentences for these convictions were run concurrently, and he was released from prison on October 15, 1975. The trial court found all four convictions admissible under *State v. Morgan*, 541 S.W.2d 385 (Tenn.1976). The robbery and burglary convictions involved dishonesty and were admissible without weighing their probative value. *See State v. Martin*, 642 S.W.2d 720, 724 (Tenn.1982); *State v. Davis*, 649 S.W.2d 12, 13 (Tenn.Cr.App.1982). While the remaining two convictions did not involve dishonesty or false statement, *Morgan* provides that evidence of a prior conviction may be used for impeachment purposes if the crime was punishable by imprisonment for more than one year, and the court determines that the probative value of the evidence outweighs its prejudicial effect. The trial court ruled that these convictions were probative. Appellant argues that no worthwhile jury-out hearing was conducted on the question of probativeness. The record reflects that a jury-out hearing was conducted, and appellant was at that time afforded the opportunity to conduct any attack he wished to mount. Both voluntary manslaughter, T.C.A. § 39–2–222, and attempt to commit a felony, T.C.A. § 39–1–501, meet the minimum time requirements of *Morgan*, and the trial judge performed the required balancing of prejudice against probativeness. This issue is overruled.

■ The second issue concerns comments made by the prosecutor during closing argument. In the first comment, the prosecutor referred to appellant as a "four-time convicted felon." With no contemporaneous objection by appellant, this issue is waived. Furthermore, appellant admitted before the jury that he had been convicted of four offenses, and it is clear from the context of these comments that the prosecutor was speaking in terms of appellant's credibility.

■ In the second comment, appellant was referred to as "a very dangerous, very full of temper type person. He's hot headed." Appellant's objection was sustained, and the jury was instructed to disregard the remark. The third comment: "The reason that he did it is because he lost his temper, and this is our theory that we're arguing. Based upon the facts, ladies and gentlemen, you can see that there was absolutely no provocation, that that type of man, he just simply doesn't have to have a reason." Upon objection, the court admonished the prosecutor to confine her argument to the proof. The intent of the prosecutor in making these last two comments appears to have been to respond to arguments by defense counsel that the State's theory of attack without provocation was unbelievable. With prompt curative instructions by the trial court, we would be hard-pressed to say that appellant was prejudiced by these remarks. This issue is overruled.

In the third issue, the argument is advanced that the trial court erred by instructing the jury on flight. The jury was charged as follows:

"The flight of a person accused of a crime is a circumstance which, when considered with all the facts in the case, may justify an inference of guilt.

"Flight is the voluntary withdrawal of oneself for the purpose of evading arrest or prosecution for the crime charged.

"Whether the evidence presented proves beyond a reasonable doubt that the Defendant fled is a question for your determination. The law makes no nice or refined distinction as to the manner or method of the flight. It may be open, or it may be in a hurried or concealed departure, or it may be a concealment within

the jurisdiction. However, it takes both a leaving of the scene of the difficulty and a subsequent hiding out, evasion, or concealment in the community, or a leaving of the community for parts unknown to constitute flight.

"If flight is proved, the fact of flight alone does not allow you to find that the Defendant is guilty of the crime charged. However, flight by a Defendant may be caused by a consciousness of guilt, and you may consider the fact of flight, if flight is proven, together with all the other evidence, when you decide the guilt or innocence of the Defendant.

"On the other hand, an entirely innocent person may take flight, and such flight may be explained by proof offered or by the facts and circumstances of the case. "Whether there was flight by the Defendant, the reasons for it, and the weight to be given it are questions for you to determine.

■ Contrary to the State's assertion, appellant did not waive this objection by failing to contemporaneously object to the charge. Tenn.R.Crim.P. 30(b); *State v. Tyson*, 603 S.W.2d 748, 755 (Tenn.Cr.App. 1980). Appellant contends that there was no proof that he left the community for parts unknown. He testified, however, that after leaving the bar, he went to a friend's house and then went home to Cookeville, which is in another county. Members of the Cook family testified that appellant left the tavern immediately after the stabbing. We have held that when a defendant is seen fleeing from the scene of the crime, an instruction on flight is proper. *Hall v. State*, 584 S.W.2d 819, 821 (Tenn. Cr.App.1979). The trial court made it clear that the jury was not required to infer flight and that the fact of flight alone would not support a finding of guilt. Under the circumstances, there was no error in the trial court charging on flight. This issue is overruled.

■ In his last issue, appellant urges that he should not have been tried as a Class X offender because he was not tried within 150 days after arraignment. This issue was not raised until the motion for new trial and is waived. Tenn.R.Crim.P. 12(b)(1). Furthermore, appellant was indicted on October 25, 1982, and tried on March 2, 1983. The date of the arraignment is not reflected in the record, but we may presume that it was after the indictment since the indictment must be read at the arraignment. Tenn.R.Crim.P. 10(b). Therefore, the trial was within 150 days after the arraignment. This issue is without merit and is overruled. The judgment of the trial court is affirmed.

TATUM and BYERS, JJ., concur.