STATE of Tennessee, Appellee,

v.

Russell DAVIS, Appellant.

Court of Criminal Appeals of Tennessee,
at Jackson.

July 22, 1987.

Permission to Appeal Denied by
Supreme Court Nov. 9, 1987.

Walker Gwinn, (on appeal only), Michael S. Long, Long, Umsted & Jones, (at trial only), Memphis, for appellant.

W.J. Michael Cody, Atty. Gen., James W. Thompson, Asst. Atty. Gen., Nashville, Hugh W. Stanton, Jr., District Atty. Gen., James J. Challen, III, Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

SCOTT, Judge.

The appellant was convicted of robbery, rape and aggravated kidnapping. He received a sentence of fifteen years in the state penitentiary for robbery, twenty years for rape, and a life sentence for the aggravated kidnapping. The robbery and rape sentences are to be served concurrently and consecutively to the aggravated kidnapping sentence. On appeal he has presented three issues, none of which challenge the sufficiency of the convicting evidence. However, a brief recitation of the facts will be helpful in placing the issues in context.

On November 19, 1985, at approximately 3:30 A.M., the appellant entered a convenience store in Shelby County. He paid the clerk for some gasoline, went outside and pumped it into his car and then returned to the store to buy some beer. She informed him that she could not sell beer after 3:00 A.M. He then hit her in the chest, knocking her to the floor and threatened to kill her if an alarm went off. He demanded that she give him the money in the safe, but she told him that she was unable to open it. He settled for the money in the cash register.

Noticing the videotape security camera, the appellant knocked it around to face the wall and then forced the clerk to carry the videotape recorder out of the store and put it in the back of his 1974 black Ford pickup truck. He also took some beer on his way out of the store.

The appellant then forced the clerk into the cab of his truck. She inflicted several scratches around his face as he put her into the truck. In addition, she screamed sever-

al times. A neighbor who lived across from the store heard the screams, went outside and saw the truck leaving the store. He noticed that there was a yellow washer or dryer on the back of the truck.

The appellant drove around, drank some of the beer and forced the victim to drink one beer and part of another one. He stopped on a country road, performed cunnilingus and vaginal intercourse on the victim and forced her to perform fellatio on him. She attempted to escape by opening the passenger door, but was unable to get out because the interior door handle had been removed. She observed a pack of Pall Mall cigarettes on the floor of the truck and the cigarette butts in the ashtray were the same brand.

After the repeated rapes of the victim, the appellant drove her to another area, put her out of the truck and drove away. Within a few minutes three men drove by and one of them recognized the victim. They stopped and took her back to the store where the police were already present, having been summoned by a newspaper deliveryman who found the store unattended. The appellant had returned some of the money to the clerk and she returned it to the police.

An examination of the victim revealed the presence of sperm in her vagina.

On January 5, 1986, the victim was visiting with a neighbor outside her apartment. The neighbor introduced the appellant to the victim, stating that the appellant was his cousin. The victim immediately recognized the appellant and notified the police. He was arrested that day and she later identified him in a line-up. She also identified his truck as the vehicle in which her abduction and rape occurred. The interior door handle was removed from the passenger side of his truck. Pall Mall cigarette butts were found in the ashtray and an empty Pall Mall cigarette package was found in the pocket of a jacket in the truck.

Through various witnesses the appellant presented an alibi defense to show that he was at home throughout the time that these events took place. He also presented evidence that he neither smokes nor drinks

and that on the night in question ladders were on the back of his truck rather than a washer or dryer.

Obviously, the jury disbelieved the alibi defense and, as was their prerogative, chose to believe the victim and the other witnesses for the state.

There was ample, indeed overwhelming, evidence from which any rational trier of fact could find the appellant guilty of these offenses beyond a reasonable doubt. Rule 13(e), T.R.A.P., *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 2786–2792, 61 L.Ed. 2d 560 (1979).

■ In the first issue the appellant contends that the trial judge erred by denying his motion for a mistrial after the state attempted to impeach his credibility with prior convictions without the benefit of a jury-out hearing mandated by our Supreme Court in *State v. Morgan,* 541 S.W.2d 385, 389 (Tenn.1976).

The state began its cross-examination of the appellant as follows:

Q. Mr. Davis,—

A. Yes, sir.

Q. —are you the same Russell Davis that was convicted in the United States District Court of the Southern District of Alabama, Criminal No. 15812, for the offense of Kidnapping, and sentenced to life imprisonment?

A. Yes, sir.

Q. Okay. Are you the same Russell Davis that was convicted in Cleveland, Ohio, and charged with the offense of Assault With Intent to Commit Rape, and convicted of the offense of Aggravated Assault, and sentenced to five years?

A. Yes, sir.

Q. All right. Are you the same Russell Davis that was convicted in Mobile, Alabama, under No. 1C11582, with the offense of Burglary?

A. —Repeat that, sir.

Q. Were you convicted in Mobile, Alabama, of the offense of Burglary, in 1970?

A. —Yes, sir.

Q. Are you the same Russell Davis that was also convicted in Cleveland, Ohio, under Indictment No.—or No. 1774, of the offense of Aggravated Assault, in 1972?

A. I—What you done did—You done took the—It was only—You mentioned it the first time. That's the same thing that you previously mentioned.

Q. Assault With Intent to Commit Rape?

A. Yes, sir.

The appellant's counsel then moved for a mistrial, the matter was argued outside the presence of the jury, and the motion was overruled because the appellant made no contemporaneous objection.

In *Morgan*, our Supreme Court adopted Rule 609 of the Federal Rules of Evidence concerning the impeachment of a witness by evidence of a criminal conviction. The rule provides that a witness may be impeached by evidence of a conviction for any crime involving dishonesty or false statement, regardless of the punishment, or by evidence of a conviction for a crime punishable by imprisonment in excess of one year if the court determines that the probative value of the conviction outweighs its prejudicial effect. *Id.*, at 388–389. The question of whether a particular conviction is admissible must be determined by the trial judge out of the presence of the jury. All convictions over ten years old are presumptively inadmissible unless the court determines that the probative value of the evidence of the conviction substantially outweighs the prejudicial effect and the party who intends to introduce the evidence gives the adverse party "sufficient advance written notice" of intent to use the conviction to impeach. *Id.* The ten year time limitation is measured from the date of conviction or the date of release from confinement, whichever is later. Rule 609(b), *Id.*

On appeal the appellant contends that neither the burglary conviction nor his aggravated assault conviction is admissible because both are over ten years old. The record does not reveal the date of his release from confinement for the burglary, but only the date of the conviction, 1970. The burglary conviction is listed in the appellant's juvenile record and the appellant was sixteen years old at the time of the conviction. Evidence of juvenile convictions is not admissible against a criminal defendant, in the guilt phase of a criminal case. TCA § 37–1–133(b), Rule 609(d), Fed. R.Ev., adopted in *State v. Butler*, 626 S.W. 2d 6, 10 (Tenn.1981).

■ The appellant was convicted of aggravated assault in 1972 and ordered to serve one year imprisonment. Even if he was forced to serve the entire sentence, he would have been released from confinement thirteen years prior to the trial which occurred in 1986.

The only "advance written notice" provided by the state consisted of a copy of the appellant's FBI rap sheet, a copy of his Shelby County arrest record and a "Notice of *Sentencing* Status." (emphasis added) This was insufficient to inform the appellant of the state's intent to impeach him with these convictions. Neither conviction should have been admitted without the court conducting the required jury-out hearing and a determination as to whether the probative value outweighed the prejudicial effect.

■ Another interesting question presented by this issue is *which side* must request the *Morgan* hearing. The trial judge indicated that the onus is upon the criminal defendant. However, it was the state offering the evidence in its cross-examination. Obviously, the state knew what evidence it was going to use to impeach and when it would be offered. The appellant's counsel was clearly not privy to that information. It would seem that the state must take its share of responsibility for this error. When evidence is going to be offered to impeach under *Morgan,* the state should request the jury-out hearing before blurting out questions about prior convictions as was done in this case. From the timing of the questions, it is obvious that the state's counsel intended to circumvent the *Morgan* rule.

■ However, be that as it may, there was no contemporaneous objection to this evidence until after it was all placed before the jury. Thus, the evidence was competent and any objection to its admission was waived. *State v. Harrington,* 627 S.W.2d 345, 348 (Tenn.1981). Given the overwhelming proof of guilt, this error did not affect the verdict and was entirely harmless. Rule 42(a), T.R.Cr.P., Rule 36(b), T.R. A.P. This issue has no merit.

■ In the next issue the appellant contends that the trial judge erred in admitting a photograph of the line-up and the line-up identification card used by the victim when she identified him. He contends that this evidence was irrelevant.

Evidence is relevant if it has the tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. *State v. Banks,* 564 S.W.2d 947, 949 (Tenn.1978). The victim's identification of the appellant as her assailant was, without any doubt, the most important issue in the case. This evidence was clearly relevant and this issue is patently without merit.

■ Finally, the appellant attacks his multiple convictions as a violation of the prohibition against double jeopardy. He contends that his convictions for rape and robbery must be reversed because they are essential elements of the aggravating kidnapping conviction.

The robbery occurred before the kidnapping, so it was an entirely independent crime unrelated to the kidnapping. Although the kidnapping count of the indictment charged that both the robbery and the rape occurred while the victim was detained against her will, the proof did not bear out that allegation as to the robbery.

Aggravated kidnapping is defined as follows:

Any person who unlawfully seizes, confines, inveigles, entices, decoys, abducts, conceals, kidnaps or carries away another with the felonious intent to:

(1) Cause the other to be confined secretly against his will;

(2) Detain the other against his will; or

(3) Send the other out of the state against his will, shall be guilty of aggravated kidnapping when one or more of the following circumstances are present: ...

(C) The person secretly confined, unlawfully detained or sent out of the state is the victim of any felony committed on his person during the secret confinement, unlawful detention or carrying out of the state; TCA § 39–2–301(a)(1, 2), (3)(C).

The question presented by this appeal is whether dual convictions for aggravated kidnapping and the underlying felony necessary to enhance the kidnapping to an aggravated status is violative of the double jeopardy provision of the Fifth Amendment to the United States Constitution and Article 1, § 10 of the Tennessee Constitution.

■ The appellant relies on *Briggs v. State,* 573 S.W.2d 157, 159 (Tenn.1978), in which our Supreme Court overruled *State v. Briggs,* 533 S.W.2d 290, 292–293 (Tenn. 1976). In that case our Supreme Court, relying on its interpretation of *Harris v. Oklahoma,* 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977), held that dual convictions of felony murder and the underlying felony violated the double jeopardy clause. However, the later *Briggs* case was specifically overruled by our Supreme Court in *State v. Blackburn,* 694 S.W.2d 934, 935 (Tenn.1985). In that case our Supreme Court, relying on *Missouri v. Hunter,* 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983) and *Ohio v. Johnson,* 467 U.S. 493, 104 S.Ct. 2536, 2541, 81 L.Ed.2d 425 (1984), stated that the holding in *Briggs II* was based upon a misreading of *Harris v. Oklahoma* and should be abandoned. If a state legislature has clearly intended that a defendant be punished for violation of two separate criminal statutes proscribing the same conduct, there is no constitutional prohibition to the separate punishments being imposed. *State v. Blackburn,* supra, at 936–937. There is no indication that the legislature of this state intended that only one punishment be imposed upon a defendant for rape and aggravated kidnapping

occurring as part of one criminal transaction. Rather, the statutes indicate that the intent of the legislature was otherwise.

Furthermore, we note in this case that the appellant actually committed three separate rapes upon the victim by penetrating her vagina with his tongue and with his penis and by penetrating her mouth with his penis. However, he was convicted of only one rape. There was nothing to prevent either of the uncharged rapes from being considered for the enhancement of the punishment. This issue has no merit.

Finding no merit to any of the issues, the judgment is affirmed.

O'BRIEN and DAUGHTREY, JJ., concur.